617 P.2d 1173

**Susan GANTHER, a single woman, Plaintiff/Appellant,**

v.

**The BOARD OF REGENTS OF the UNIVERSITY AND STATE COLLEGES of Arizona, a corporation body, The University of Arizona, Philip E. Franz, as an employee and agent of the University of Arizona and in his individual capacity, Jane Doe Franz, Arthur Dee Green, as an employee and agent of the University of Arizona and in his individual capacity, and Jane Doe Green, Defendants/Appellees.**

No. 2CA–CIV 3650.

Court of Appeals of Arizona, Division 2.

Oct. 2, 1980.

Diana S. Campbell, Tucson, for plaintiff/appellant.

Stompoly & Even, P.C., by John Patrick Lyons, Tucson, for defendants/appellees.

OPINION

HOWARD, Judge.

Appellant filed a complaint against the appellees alleging in Count One, assault and battery, false arrest and false imprisonment, and in Count Two, a violation of her constitutional rights pursuant to 42 U.S.C. Sec. 1983, et seq.

Appellees filed a motion for summary judgment as to the false arrest, false imprisonment and the claim under 42 U.S.C. Sec. 1983, which was granted. The basis for granting the summary judgment as to the Sec. 1983 claim was our case of *Rondelli v. County of Pima*, 120 Ariz. 483, 586 P.2d 1295 (App.1978), wherein we held that the statute of limitations applicable to Sec. 1983

actions in the state court was A.R.S. Sec. 12–541(3), which provides for a one–year limitation on actions "(u)pon liability created by statute, other than a penalty or forfeiture." Our decision in *Rondelli* is not unique. The 9th Circuit in Sec. 1983 actions has repeatedly borrowed the state statute that prescribes the limitations for actions found on a liability created by statute. *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977) (and cases cited therein).[1]

Appellant contends that the one–year limitation of A.R.S. Sec. 12–541(3) is not sufficiently generous to preserve the remedial spirit of federal civil rights actions. We do not agree. Had the limitation period been 30 days or 60 days, the question would be arguable. However, we do not believe that a one–year period of limitations is too short.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

[1]. Since 42 U.S.C. Sec. 1983, et seq., does not contain a statute of limitations, it is necessary for a federal court to adopt those state limitation provisions which it deems applicable to the federal cause of action.