George **FREEMAN,** individually and on Behalf of **THE SANCTUARY,** a Universal Life Church Monastery, Plaintiff-Appellant,

v.

Leroy **HITTLE,** I.H. Redersen, Kazuo Watanbe, et al., Defendants-Appellees.

No. 82–3383.

United States Court of Appeals, Ninth Circuit.

Submitted April 1983.

Decided June 13, 1983.

George W. Freeman, pro se.

Christine Cary, Richard C. Robinson, Spokane, Wash., Mary Ann Condon, Asst. Atty. Gen., Charles S. Hamilton, III, Diane G. Geiger, Stafford, Frey & Mertel, Seattle, Wash., for defendants-appellees.

Before GOODWIN, KENNEDY and ALARCON, Circuit Judges.*

PER CURIAM:

George Freeman, individually and on behalf of The Sanctuary, a Universal Life Church Monastery, appeals from the dismissal of his civil rights action. Freeman alleged that the King County Prosecuting Attorney's office deprived him of property without due process in violation of 42 U.S.C. §§ 1983, 1985 and 1986, and interfered with his contractual relationship with his landlord. We affirm.

The district court correctly found that all four defendants were absolutely immune from suit. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Defendants' motion for summary judgment was properly granted.

The complaint named as defendants the King County Prosecuting Attorney (Maleng), two Deputy Prosecuting Attorneys (Redkey, Evans), and an investigator for the Fraud Division of the Prosecuting Attorney's office (Colwell). The complaint alleged that Colwell, acting under the authority of the Maleng's office, told the plaintiff's landlord that he was not getting as much rent from plaintiff's lease as he could get from someone else.

Freeman claims that the purpose of the statement was to cause the landlord to terminate The Sanctuary's lease, thereby depriving it of property without due process. He also contends that the statement wrongfully interfered with the contractual relationship between landlord and tenant.

A state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 for alleged deprivations of constitutional rights. *Imbler. v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Investigative functions carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity. *Atkins v. Lanning,* 556 F.2d 485, 488–89 (10th Cir.1977); *see also O'Connor v. State of Nevada,* 686 F.2d 749, 750 (9th Cir.1982).

The challenged actions of Maleng, Redkey, and Evans were within the scope of the prosecutor's duties in initiating and pursuing the state's case. They therefore have absolute immunity from damages under § 1983. Maleng's involvement with Freeman and The Sanctuary was limited to the use of his title in the formal pleadings of the state criminal case pursued against Freeman. Evans, Redkey's supervisor, did not participate in Redkey's decision to pursue criminal charges against Freeman. Redkey, the Deputy Prosecuting Attorney, was responsible for Freeman's prosecution. Thus, the district court correctly found that Maleng, Redkey, and Evans were entitled to absolute immunity from damages under Freeman's § 1983 suit for deprivation of property without due process.

Affirmed.

---

* The panel agrees that the oral argument is not required in this case. Fed.R.App.P. 34(a).