**Bob RIVERA, and Eduardo Rivera, Plaintiffs/Appellants,**

v.

**Al GREEN, Karen Green, Mitchell Simmons, Carl W. Johnson and Maricopa County Sheriff's Dept., et al., Defendants/Appellees.**

No. 84–2569.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 1985 *.

Decided Nov. 8, 1985.

\* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

Bob Rivera, pro. per.

G. Eugene Neil, Stephen E. Lee, Victoria S. Lewis, Brown & Bain, P.A., Phoenix, Ariz., for defendants/appellees.

Before BROWNING, Chief Circuit Judge, ANDERSON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Bob and Eduardo Rivera appeal the district court's dismissal, under the statute of limitations, for lack of standing, and for failure to state a claim, of their civil rights action pursuant to 42 U.S.C. § 1983.[1] We affirm in part, reverse in part, and remand for further proceedings.

FACTS

On January 8, 1983, the Riveras' neighbors Al and Karen Green telephoned the police to complain about loud drum noise coming from the Rivera home. Police officers Mitchell Simmons and Carl Johnson responded to the call by visiting the Rivera residence. Eduardo Rivera admitted the officers, who asked to speak to the person playing the drums. Eduardo took them to his brother Alejandro. When the officers requested identification, the brothers claimed that their driver's licenses were lost. The officers searched the room and found marijuana. They arrested Alejandro and read him his rights, then arrested Eduardo for disorderly conduct and handcuffed him. The brothers were booked at the Maricopa County police station, and Eduardo's handcuffs were removed after he complained of pain. Both Eduardo and Alejandro were released the next day. The police did not return Eduardo's keys until one day after his release.

The Riveras filed suit in state court in December 1983 and refiled in federal district court in July 1984 against Al and Karen Green; Mitchell Simmons; Carl Johnson; Robert Billar, an attorney retained by the Riveras; Paul Crumm, a deputy county attorney; Lorraine Voss, a Justice of the Peace; Tom Collins, a Maricopa County Attorney; and Louis Rhodes of the Arizona Civil Liberties Union. All of the defendants had dealings with the Riveras in connection with the arrest and ensuing litigation. The district court dismissed Bob Rivera's action because he lacked standing and dismissed Alejandro's and Eduardo's actions because each failed to state a claim and because the one-year Arizona statute of limitations applicable to section 1983 claims had run. Bob Rivera failed to appeal the standing issue and, as a result, his appeal is not before this court. Only Eduardo's appeal remains.

1. The third plaintiff, Alejandro Rivera, failed to file an in forma pauperis affidavit and he is not a proper party to this appeal.

## I

### Statute of Limitations

The district court dismissed Rivera's claims against police officers Simmons and Johnson because Rivera filed his action in federal court beyond the one-year statute of limitations period applied in Arizona to civil rights actions under section 1983. *See Ganther v. Board of Regents,* 127 Ariz. 57, 617 P.2d 1173, 1174 (Ct.App.1980); *Rondelli v. County of Pima,* 120 Ariz. 483, 586 P.2d 1295, 1299 (Ct.App.1978); Ariz.Rev. Stat.Ann. § 12–541(3) (1982); *see also Stephan v. Dowdle,* 733 F.2d 642, 642 (9th Cir.1984) (state statute of limitations applies to section 1983 claims). In *Wilson v. Garcia,* — U.S. —, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985), decided after Rivera filed his claim, the Supreme Court held that state personal injury statutes of limitations are to be applied to section 1983 claims. The Arizona personal injury statute of limitations, Ariz.Rev.Stat.Ann. § 12–542(1) (1982), incorporates a two-year period for filing claims. Under the two-year statute, Rivera's filing in federal court would have been timely. We therefore must determine whether the holding of *Wilson* should be applied retroactively.

■ We must resolve the retroactivity question by weighing the three factors specified in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). *See Barina v. Gulf Trading and Transport Co.,* 726 F.2d 560, 563 (9th Cir.1984). The factors are: (1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the purposes of the rule in question; and (3) whether applying the new decision will produce substantial inequitable results. *Id.*

Three courts have considered the retroactive application of *Wilson* and have reached differing conclusions. *Smith v. Pittsburgh,* 764 F.2d 188, 197–98 (3d Cir. 1985) (*Wilson* applies retroactively); *Jackson v. Bloomfield,* 731 F.2d 652, 655 (10th Cir.1984) (*Garcia v. Wilson,* 731 F.2d 640, 641 (10th Cir.1984), *aff'd by Wilson,* —

U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254, does not apply retroactively); *Winston v. Sanders,* 610 F.Supp. 176 (C.D.Ill.1985) (*Wilson* does not apply retroactively). None of the cases is entirely instructive here. The *Jackson,* 731 F.2d at 655, and *Winston,* 610 F.Supp. 176, courts each declined to find retroactive application where the effect would have been to shorten the limitations period and, as a result, preclude the plaintiff's action. In *Smith,* 764 F.2d at 195, the court found that the limitations period prior to the *Wilson* decision was unclear; thus, *Wilson* did not overrule clear precedent. Here, the pre-*Wilson* Arizona statute of limitations was clear.

Consideration of the *Chevron* factors in this case presents a close question. Nonetheless, we believe that retroactive application is appropriate. Under the first *Chevron* factor, *Wilson* represents a "clear break" with past precedent. Thus, we must examine the history, purpose, and effect of the new rule as well as the inequity that would be imposed by retroactive application. *United States v. Johnson,* 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982).

The *Wilson* rule was designed to further "federal interests in uniformity, certainty, and the minimization of unnecessary litigation." 105 S.Ct. at 1947. The choice of the personal injury limitation over other possible choices also minimizes the risk that states will provide a statute of limitations period inadequate to serve federal interests with respect to section 1983 claims. *Id.* at 1949; *see Smith v. Pittsburgh,* 764 F.2d at 196. Because the statute of limitations period in Arizona applicable to all section 1983 actions was a uniform one-year period before *Wilson,* retroactive application would not significantly advance those interests.

Finally, extension of the limitations period through retroactive application will not cause "substantial inequitable results." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355. Rivera originally filed his action in state

court within one year of his arrest.[2] He withdrew the state action when he filed in federal court. Thus, Simmons and Johnson had notice of Rivera's action within the one-year period. The state action was explicitly withdrawn in order to file a federal action; again, Simmons and Johnson received notice. In the absence of substantial inequity to the defendants, we believe that the interests of section 1983 are best served by a retroactive application of *Wilson* to extend the statute of limitations time period.

Moreover, there are strong equities in favor of retroactive application in this case: the importance of access to the courts for section 1983 litigants[3] and the disfavored nature of the statute of limitations defense.[4] Since retroactive application here would advance the litigant's ability to pursue section 1983 remedies at the expense of a statute of limitations defense, the importance of the section 1983 remedy is especially significant. *Cf. Glover v. United Groceries, Inc.*, 746 F.2d 1380, 1382 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985) (retroactive application of statute of limitations under *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), is appropriate where effect is to lengthen statutory period, but not where the period is shortened). Therefore, we reverse the district court's judgment with respect to Simmons and Johnson and remand for further proceedings.

## II

### Failure to State a Claim

■ The district court properly dismissed Rivera's remaining claims. Rivera

has failed to state a claim under 42 U.S.C. § 1983 against four defendants who did not act "under color of state law." Al and Karen Green, Louis Rhodes, and Robert Billars acted as private parties. To the extent that Billars acted as a public defender, he did not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).

■ Three defendants are protected by absolute immunity. In her capacity as a justice of the peace, Lorraine Vose has absolute immunity from section 1983 suits. *Pierson v. Ray*, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). The prosecuting attorney in the underlying criminal prosecution for marijuana possession, Paul Crumm, and his supervisor, Tom Collins, have absolute immunity for their actions in prosecuting the case against Rivera. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

■ Rivera has failed to state a claim under section 1983 against the Maricopa County Sheriff's Department as the supervisor of the two police officers involved, because he has not alleged any procedures which constitute the requisite "affirmative" link between the Department and its officers' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 276–77, 96 S.Ct. 598, 606–07, 46 L.Ed.2d 561 (1976); *see also Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The Department's one-day delay in returning Rivera's keys after releasing him from custody does not constitute a deprivation of property without due process, and we affirm the dismissal of this

---

**2.** Rivera does not contend that the state court filing tolls the statute of limitations. Because he carries the burden of proof on this issue, he has waived the argument. *See Engle Brothers Inc. v. Superior Court*, 23 Ariz.App. 406, 533 P.2d 714, 716 (Ct.App.1975).

**3.** "Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under claimed authority of state law upon rights secured by the Constitu-

tion and laws of the Nation." *Wilson*, 105 S.Ct. at 1945 (quoting *Mitchum v. Foster*, 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972)).

**4.** "The defense of the statute of limitations is not favored by the courts ...." *Woodward v. Chirco Construction Co.*, 141 Ariz. 520, 687 P.2d 1275, 1279 (Ct.App.), *affirmed as supplemented*, 141 Ariz. 514, 687 P.2d 1269 (1984).

claim for lack of subject matter jurisdiction. *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974) (the court lacks subject matter jurisdiction over patently frivolous claims).

Alejandro Rivera's claims are not properly before this court. The district court's judgment is affirmed with respect to Bob Rivera. The judgment dismissing Eduardo Rivera's action is affirmed with respect to all claims except those against officers Simmons and Johnson. The case is remanded for consideration of those claims.

AFFIRMED in part and REVERSED in part and REMANDED.