Timothy KELLER, Maxine Keller and Kathy Dockter, Plaintiffs,

v.

UNITED STATES of America, John Kelley, Dick Flood, and Does 3 Through 50, Inclusive, Defendants.

Civ. No. 85–1191–K(M).

United States District Court, S.D. California.

July 17, 1987.

John A. Mitchell, San Diego, Cal., for plaintiffs.

John J. Robinson, Asst. U.S. Atty., San Diego, Cal., for defendants.

## MEMORANDUM DECISION

### I.  FACTUAL BACKGROUND

KEEP, District Judge.

On September 23, 1983, plaintiff Timothy Keller was arrested in his home in the

presence of plaintiffs Maxine Keller, his wife, and Kathy Dockter, his stepdaughter. Pursuant to an indictment, a Timothy Keller (not the plaintiff herein) was charged with conspiracy to possess marijuana with intent to distribute, possession of marijuana with intent to distribute, conspiracy to travel in interstate commerce in aid of racketeering activities, and conspiracy to illegally transport U.S. currency out of the United States. Plaintiff was misidentified as the "Timothy Keller" who had been under investigation and who was named in the indictment. Plaintiff was released on September 26, after having spent the weekend in jail. On November 7, 1983, the United States moved to dismiss the indictment as to plaintiff Timothy Keller. That motion was granted on November 9, 1983.

In May 1984, plaintiff filed a claim for damages related to his arrest with the United States Customs Service. A final disposition of that claim was not made by May 1, 1985. On May 2, 1985, plaintiffs commenced this action. The May 1985 complaint named the United States and Does 1 through 50 [1] as defendants.

The complaint alleged 11 counts. In Counts 1 through 6, Timothy Keller alleged assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. In Count 7, Maxine Keller alleged negligent infliction of emotional distress. In Counts 8 through 10, Kathy Dockter alleged assault, negligent infliction of emotional distress, and negligence. In Count 11, Timothy Keller alleged that the arrest was made without probable cause in violation of 42 U.S.C. § 1983.

In August 1984, the United States answered as to the first ten counts. The United States also moved for dismissal of Count 11 on the ground that only individu-

als, but not the United States, could be sued under § 1983. Count 11 was dropped by stipulation filed on October 1, 1985.[2]

On June 9, 1986, this Court heard plaintiff's motion to amend his complaint to add as defendants Dick Flood, an investigator for the State of California, and John Kelley, a federal investigator. The motion to amend was granted, and a first amended complaint was filed on June 9, 1986.

The first amended complaint was substantially the same as to the counts against the United States. A new eleventh count was added, alleging that Flood and Kelley had wrongfully caused plaintiff to be arrested by identifying him as the "Timothy Keller" connected with the criminal activity described in the indictment.

Flood and Kelley have each brought a motion to dismiss or for summary judgment. The Court considers the motions of each defendant separately.

## II. DISCUSSION

Dismissal of a complaint, or a portion thereof, is proper where the allegations are insufficient "to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). Dismissal should be entered when "it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978); *Rae v. Union Bank*, 725 F.2d 478, 479 (9th Cir. 1984).

Rule 56(c) of the Federal Rules of Civil Procedure provides that the court shall render a summary judgment if the papers submitted "show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to a judgment as a matter of law." The moving party has the initial burden of demonstrating that summary judgment is proper. *Ad-*

---

**1.** Paragraph 4 of the complaint alleged that all defendants "were the agents and employees of each other, and were acting within the scope and purpose of said agency and employment...." Because the only named defendant in that complaint was the United States, the complaint implicitly alleged that Does 1–50 were agents or employees of the United States.

**2.** The parties entered into the stipulation after the United States filed a motion to dismiss the eleventh count but before the motion hearing date. The stipulation stated only that the eleventh count was dismissed "as to defendant United States of America."

*ickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir.1985). This burden may be discharged by pointing out to the district Court that there is an absence of evidence to support an element of the nonmoving party's case. *Celotex v. Catrett*, 477 U.S. 317, ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to demonstrate the existence of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at ——, 106 S.Ct. at 2553. In considering a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor. *Adickes*, 398 U.S. at 158–159, 90 S.Ct. at 1609; *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir.1985); *Bricklayers*, 752 F.2d at 1404. However, in determining whether the nonmovant has met his or her burden, the court must consider the evidentiary burden imposed upon the nonmovant by the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

**A. DEFENDANT DICK FLOOD'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant Flood brings his motion to dismiss or for summary judgment on the grounds that an action against him is barred by the statute of limitations, that plaintiff has failed to indicate that Flood acted to deprive any of them of a constitutional right rising to a § 1983 violation, and that Flood is shielded from liability by the doctrine of prosecutorial immunity.

**3.** Prior to *Wilson,* the Ninth Circuit applied a three-year statute of limitations to § 1983 actions under California Code of Civil Procedure Section 338(1). *Gibson v. United States,* 781 F.2d 1334, 1339 (9th Cir.1986). Section 338(1) imposes a three-year limitations period for bringing "[a]n action upon a liability created by statute...."

**4.** The *Gibson* court, noting that following *Rivera* "would thwart, rather than enhance, the remedial purposes underlying section 1983," undertook

*1. Statute of Limitations*

Flood contends that the determination of the applicable statute of limitations for this action is governed by *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson,* the Supreme Court held that the state statute of limitations to be applied in § 1983 actions is the statute of limitations applicable to personal injuries. California Code of Civil Procedure Section 340(3) provides that the statute of limitations for personal injury actions is one year.[3] Since the acts complained of occurred September 23, 1983, and Flood was not named until June 9, 1986, Flood claims the action is time-barred as to him.

The *Wilson* decision was issued on April 17, 1985. In the instant case, the alleged violation occurred prior to *Wilson;* that is, on September 23, 1983. The original complaint was filed on May 2, 1985, 15 days after *Wilson* was decided, and the amended complaint was filed on June 9, 1986, more than a year after *Wilson* was decided. Under the three-year statute of limitations period in effect on September 23, 1983, both the original complaint and the first amended complaint would have been timely filed. The question presented here, then, is what effect *Wilson* has on the timeliness of the original and first amended complaints.

In the Ninth Circuit, *Wilson* has been given retroactive effect when doing so would operate to *lengthen* the limitations period. *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985). However, the court in *Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986), refused to apply *Wilson* retroactively when doing so would prevent a claim that was timely when filed.[4] *Gibson* involved a complaint filed while the three-year limitations period was still in effect.

an independent retroactivity analysis. The *Gibson* court stated:

> We thereby join the Tenth Circuit in rejecting retroactive application that would bar "plaintiffs' right to their day in court when their action was timely under the law in effect at the time their suit was commenced." *Jackson v. City of Bloomfield,* 731 F.2d 652, 655 (10th Cir.1984); (quoted with approval in *Wilson,* 105 S.Ct. at 1941 n. 10).
> *Gibson,* 781 F.2d at 1339.

In the instant case, on the other hand, the claim is "pre-accrued;" the claim accrued *before Wilson* was decided, but first appears in an action filed *afterward*. Thus, when the original complaint in this action was filed in May 1985, the "law in effect" was the one-year limitations period mandated by *Wilson*. The precise issue presented in the instant case is addressed by neither *Rivera* nor *Gibson*.

■ In determining whether a new rule is to be applied retroactively, this court must consider: (1) whether the decision establishes a new principle of law; (2) whether retroactive application will further or retard the purposes of the rule in question; and (3) whether applying the new decision will produce substantial inequitable results. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971); *Barina v. Gulf Trading and Transport Co.*, 726 F.2d 560, 563 (9th Cir.1984). The first of these factors militates against retroactivity in this instance because *Wilson* represents a clear break with prior law. The second factor is neutral, because the objective of the *Wilson* court—establishing a uniform statute of limitations for § 1983 actions— had been equally satisfied by the Ninth Circuit's adoption of the three-year limitations period. *Gibson*, 781 F.2d at 1339. A determination of whether retroactive application is appropriate depends on the more fact-specific third *Chevron* factor: whether retroactive application of the post-*Wilson* limitations period leads to substantial inequitable results.

■ Retroactive application of *Wilson* in the instant action would operate to extinguish plaintiffs' claim as of September 23, 1984, when the claim was one year old but not time-barred under then-existing law. Such retroactive application would create a substantial inequity.[5] This court therefore holds that under the *Chevron* factors the one-year limitations period may not be retroactively applied in this case. The question that remains is how much time *after Wilson* plaintiff may be given in which to file a pre-accrued claim.

■ When a court establishes a new statute of limitations that would bar pre-accrued claims, a plaintiff must be given a reasonable time or grace period in which to file suit upon such claims. *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791, 70 L.Ed.2d 738 (1982); *Scoggins v. Boeing Co., Inc.*, 742 F.2d 1225, 1228 (9th Cir.1984). The Ninth Circuit has not yet addressed the question of what is a reasonable time after *Wilson* for plaintiffs to file a pre-accrued § 1983 claim. This court relies on the reasoning in *Cabrales v. County of Los Angeles*, 644 F.Supp. 1352 (C.D.Cal.1986), in adopting the rule of the Seventh Circuit. Under that rule, as set forth in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), the court looks at two dates: The last date on which an action could be filed under the pre-*Wilson* limitations period, and the last date on which a claim could be filed under the post-*Wilson* limitations period deemed to begin running on April 17, 1985, the day Wilson was decided. A pre-accrued § 1983 action will be timely if brought on or before the earlier of these two dates.[6] *Id.* at 1146. *See also, Guzman v. Van Demark*, 651 F.Supp. 1180 (C.D.Cal.1987).

---

**5.** Flood asks this court to follow *Gamel v. City of San Francisco*, 633 F.Supp. 48 (N.D.Cal.1986). That case involved a cause of action that accrued on December 9, 1984, and a complaint filed one year and 5 days later, on December 14, 1985. The court dismissed the action as being time-barred, holding that the one-year limitations period could be applied retroactively to December 4, 1984. This holding was based on a finding by the court that because the plaintiff had almost eight months after *Wilson* was decided in which to file a complaint if the one-year limit was applied retroactively, there was no substantial inequity produced by retroactive application. The instant case differs from *Gamel* in that here, a one-year limitation period would have passed *before* the case imposing it was even decided. Hence, *Gamel* is not dispositive of the instant case.

**6.** As the *Cabrales* court noted, the *Anton* approach serves the *Wilson* goal of identifying § 1983 limitations periods with certainty, thereby protecting civil rights litigants from exposure to wasteful litigation of collateral limitations issues. See *Wilson, supra*, 471 U.S. at 275, 105 S.Ct. at 1947.

Applying the *Anton* rule to the instant case, plaintiff's complaint is timely if filed by the earlier of the date in which the old three-year limitations period would expire, September 23, 1986, or on April 17, 1986, one year from the date on which *Wilson* was decided. Plaintiff's original complaint, filed on May 2, 1985, is timely under *Cabrales* and *Anton*. The first amended complaint, which introduced Flood to the litigation, was not filed until June 9, 1986, almost two months after the April 17, 1986 deadline mandated by the *Anton* rule. The first amended complaint is thus time-barred as to Flood unless it relates back to the original complaint.

Flood urges this court to apply the federal relation back provision, embodied in Rule 15(c) of the Federal Rules of Civil Procedure.[7] Plaintiff does not dispute the use of Rule 15(c). Instead, he contends that the requirements of that rule are satisfied. This court notes that the *Cabrales* court, faced with a choice between Rule 15(c) and the California relation back doctrine[8], held that the state provisions applied. That question was not presented by the parties in the instant action. This court will therefore apply Rule 15(c) in determining whether the first amended complaint relates back to the original complaint.[9]

Under Rule 15(c) an amendment changing a party relates back to the original complaint if: (1) the claim against the added defendant arises out of the conduct, transaction, or occurrence set forth in the original complaint; (2) the party to be added has, within the statute of limitations

7. Rule 15(c) provides, in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him....

8. The California relation-back doctrine is embodied in California Code of Civil Procedure §§ 340, 474, and 581. Section 340 provides the one-year limitations period for personal injury claims. Section 474 provides for fictitious name, or "Doe" pleading. It states, in part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...." Section 581a requires that effective service be made on all parties within 3 years of the commencement of the action. The effect of these provisions is that if a Doe defendant is named in a complaint filed within the statutory time, plaintiff has three years in which to amend the complaint to substitute in a named defendant and serve the named defendant. An amended complaint that merely substitutes a named defendant for a Doe defendant thus relates back to a timely filed complaint if the amended complaint is filed within three years of the commencement of the action. See, 4 B. Witkin, California Procedure, 3d Ed., Pleading, § 445 (1985).

9. In its holding, the *Cabrales* court noted language in *Wilson* that "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Wilson v. Garcia, supra,* 471 U.S. at 269, 105 S.Ct. at 1943. For the proposition that state, rather than federal, pleading provisions may be applied by a federal court, the *Cabrales* court cited *Lindley v. General Electric Co.,* 780 F.2d 797 (9th Cir.1986). *Lindley,* however, was an action begun in state court and removed to federal court on diversity of citizenship grounds. In the removal context, the result in *Lindley* is sensible. A plaintiff suing in state court and conforming his or her pleadings to state pleading provisions should not have his or her expectations as to the effect of those pleadings disappointed by removal. Furthermore, in a diversity action, the parties expect substantive state law to be applied, and can conduct the litigation accordingly. The instant case, on the other hand, is a case based on federal law, filed originally in federal court and governed from the beginning by federal rules of pleading. There is a strong federal policy against naming fictitious defendants in the pleadings. *Craig v. United States,* 413 F.2d 854, 856 (9th Cir.1969). This policy would be substantially eroded by interpreting *Wilson* to permit plaintiffs who come into federal court in the first instance to ignore federal pleading requirements. This court is not faced with the question presented to the *Cabrales* court. Unpersuaded by the reasoning of the *Cabrales* court on this issue and given the procedural history of this case, this court declines to raise the argument *sua sponte*.

period, received such notice of the institution of the action that he will not be prejudiced in maintaining a defense; and (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Fed.R.Civ.P. 15(c). Flood contends that none of these requirements are satisfied here.

The original complaint named Does 1 through 50 as agents and employees of defendant United States. The complaint alleged, in paragraph 65 that these defendants "wrongfully arrested" plaintiff. The first amended complaint, in paragraph 66, alleges that Flood and other *state* employee Doe defendants "wrongfully caused plaintiff ... to be arrested." Flood contends that plaintiff stated a cause of action only against those people at the scene of the arrest who participated in the act of arresting plaintiff. However, paragraph 10 of the original complaint does allege that "defendant United States of America failed to use reasonable prudence or diligence to determine whether plaintiff Timothy Keller was the 'Timothy Keller' involved in the criminal activity disclosed in the indictment." This allegation indicates that plaintiffs did not intend to limit the original complaint only to the arrest itself, but also sought recovery for liability arising from investigative conduct occurring prior to the arrest. Such investigative conduct is the basis for bringing Flood into the lawsuit. The court finds that the first requirement of Rule 15(c) is satisfied because the complaint against Flood does arise out of conduct set forth in the original complaint.

As to the second requirement of Rule 15(c), Flood asserts that he was not given adequate notice of the lawsuit before the statutory time for bringing the action expired on April 17, 1986. Flood claims that his deposition was not taken until April 29, 1986, apparently arguing that he was without notice of the lawsuit until deposed. Plaintiff contends that arrangements had been made with defense counsel to depose Flood as early as March 26, 1986, but that this date was changed "at Mr. Flood's re-

quest." Declaration of James A. Mangione at 2, ¶ 11. From this fact, the court draws the inference favorable to plaintiff as the nonmoving party that Flood was aware of this action before the statute of limitations expired on April 17, 1986. Knowledge that the action had been filed coupled with knowledge of the facts on which the action is based satisfy the notice requirement of Rule 15(c). *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1401 (9th Cir.1984). Therefore, the court finds that Flood had notice of the action before April 17, 1986.

The third requirement of Rule 15(c) is that the party to be added knew or should have known that but for a mistake as to the identity of the proper party, the action would have been brought against him. Flood contends that plaintiff's failure to name him as a defendant before the statutory period expired was not caused by a mistake as to Flood's identity. Plaintiff offers no facts which rebut this assertion.

In *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853 (9th Cir.1986), plaintiff had learned the identities of potential defendants *before* the limitations period to bring an action against them expired, but did not file an amended complaint until *after* the period expired. That court, in holding that the amended complaint did not relate back to the original complaint, stated:

"Because Kilkenny failed to amend her complaint after being informed that Arco Marine and Arch Tankers were potential defendants ... we conclude that Arco Marine and Arch Tankers cannot be found to have known during the relevant limitations period that they were not named as defendants in the initial complaint due to mistake."

*Kilkenny* at 857.

A similar situation is presented here. Plaintiff became aware that Flood was involved in the pre-arrest investigation after taking the deposition of John Kelley on December 17, 1985. Thereafter, plaintiff sought to depose Flood. However, between December 17, 1985 and April 17, 1986, when the limitations period expired,

plaintiff did not amend the complaint to include Flood.[10]

Flood could reasonably infer that plaintiff's inaction after learning of Flood's activities was an intentional decision by plaintiff not to pursue an action against Flood, rather than a mere mistake as to the identity of a defendant. As harsh as it is, this court must follow *Kilkenny.* Based on that decision, the court finds that plaintiff has failed to satisfy the third element of Rule 15(c). Hence, the first amended complaint, filed after the statute of limitations ran, does not relate back to the timely filed original complaint under federal relation-back provisions.

The motion to dismiss Flood is therefore granted because suit against him is barred by the statute of limitations.

### 2. *Merits of Plaintiff's § 1983 Claim Against Flood*

Alternatively, Flood contends that plaintiff has failed to sufficiently allege a § 1983 claim. Although the complaint does not specify the constitutional provision allegedly violated, the court assumes it to be the Fourteenth Amendment's protection against deprivation of liberty without due process of law. Even if the action is not barred by the statute of limitations, this court would grant summary judgment in favor of Flood on the eleventh count of the first amended complaint from the record presented.

■ By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the states to provide a fair and reliable determination of probable cause as a precondition to any significant pretrial restraint of liberty. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). An arrest will thus be actionable under § 1983 if it is made without probable cause. *Gilker v. Baker,* 576 F.2d 245 (9th Cir.1978).

The apparent thrust of plaintiff's eleventh count is that although there may have been probable cause to arrest *a* Timothy Keller, there was no probable cause to arrest plaintiff, the Timothy Keller actually arrested. Plaintiff's complaint states that plaintiff was the Timothy Keller described in the indictment, and does not allege that the arrest was made without an arrest warrant. The indictment was the result of a probable cause determination for the arrest of someone named Timothy Keller. It thus does not appear that due process was lacking.

Plaintiff's attempt to turn possibly negligent conduct by Flood in identifying suspects into a constitutional violation is unsupported by case law. The Supreme Court has held that due process is not implicated by the negligent acts of state officials. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). While Flood may owe a duty to exercise due diligence in making sure the person arrested and detained is actually the person sought and not merely someone with the same name, the violation of such a duty is not a violation of the Constitution. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 443 (1979). Although the first amended complaint alleges "wilful" and "knowing" conduct by Flood, plaintiff has not presented facts to indicate that the conduct of Flood was anything more than negligence. The undisputed facts of this case indicate that plaintiff has not stated a claim under § 1983.

■ Plaintiff has failed to meet his burden on this motion for summary judgment of presenting specific facts indicating that a question of fact exists as to whether Flood's conduct was anything but negligent. *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at ——, 106 S.Ct. at 2514 (1986). Therefore, the court would grant Flood's motion for summary judgment as to the eleventh count of the first amended complaint were that count of the first amended complaint not barred by the statute of limitations.

---

**10.** More than three months after Kelley's deposition, on March 31, 1986, plaintiff did make an ex parte application for an extension of two months to amend the pleadings to add a party.

However, the granting of this request by the court did not operate to extend the statute of limitations; rather, it only modified the court's previous scheduling order.

### 3. Prosecutorial Immunity

■ Flood also contends that he is immune from liability in a § 1983 action because his acts were investigative activities performed pursuant to the preparation of a prosecutor's case. Such investigative activities enjoy absolute immunity. *Freeman on Behalf of the Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir.1983). This rule is designed to apply to an investigator working for a prosecutor who enjoys immunity, on the theory that immunization of the prosecutor acts to immunize his or her underlings. *Atkins v. Lanning*, 556 F.2d 485 (10th Cir.1977), cited with approval in *Hittle, supra.* Flood claims that he is entitled to prosecutorial immunity as a matter of law. Plaintiff's opposition brief states only that Flood has failed to present facts showing that he is entitled to such immunity. Plaintiff's complaint, however, alleges that Flood was acting in his official capacity in preparing the indictment used in the arrest. Flood, as movant, has alleged there is no factual issue as to his entitlement to prosecutorial immunity. Plaintiff has not met his burden of showing the existence of specific facts that would create an issue of fact as to Flood's eligibility for such immunity. *Celotex v. Catrett, supra*, 477 U.S. at ——, 106 S.Ct. at 2553. This court therefore finds that Flood is entitled to prosecutorial immunity. On this ground, the court would grant summary judgment were the complaint not barred by the statute of limitations.

### B. DEFENDANT FEDERAL EMPLOYEE JOHN KELLEY'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant Kelley brings his motion to dismiss or for summary judgment on the grounds that as an individual acting in his official capacity as a federal employee, he cannot be held liable for any alleged torts under the Federal Tort Claims Act; that the first amended complaint fails to properly allege subject matter jurisdiction as to the eleventh cause of action; and that the action is barred by the applicable statute of limitations.

### 1. Federal Tort Claims

■ Plaintiff has conceded that Kelley is not named as a defendant in the first ten counts of the first amended complaint. These counts sound in tort, and under the Federal Tort Claims Act can only be brought against the United States as a defendant. Kelley is a defendant only as to the eleventh count.

### 2. Subject Matter Jurisdiction

The allegations of jurisdiction in the first amended complaint are made under the Federal Tort Claims Act and 42 U.S.C. § 1983. Kelley correctly points out that the Federal Tort Claims Act is inapplicable to him because he is an individual federal employee; § 1983 is inapplicable to him because it applies only to actions taken under color of *state* law.

■ Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds upon which the court's jurisdiction depends ..." Rule 8(a)(1). A party's failure to present in its complaint the specific basis for jurisdiction is not fatal when the complaint alleges facts sufficient to support federal court jurisdiction. *Los Angeles Branch NAACP v. Los Angeles Unified School District*, 714 F.2d 946 (9th Cir.1983), *cert. denied*, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 354. It is clear from the first amended complaint that plaintiff has attempted to allege a constitutional violation, and this court has subject matter jurisdiction to hear such constitutional claims. 28 U.S.C. § 1331(a). Therefore, dismissal is inappropriate on this ground.

### 3. Statute of Limitations

Actions alleging constitutional violations by federal employees in their official capacities are brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In asserting that the first amended complaint was not timely under the applicable statute of limitations, Kelley argues that the holding of *Wilson v. Garcia, supra*, which expressly applies only to § 1983 claims, should be

extended to *Bivens* actions, because the *Bivens* claim and the § 1983 claim arise out of the same conduct.

■ Prior to *Wilson,* the Ninth Circuit held that the applicable statute of limitations for *Bivens* actions brought in California was the four-year "catch-all" limitations period set forth in California Code of Civil Procedure § 343.[11] *Marshall v. Kleppe,* 637 F.2d 1217 (9th Cir.1980). In light of *Wilson* and the reasoning behind *Marshall,* this court holds that the state statute of limitations to be applied in this *Bivens* action is the one-year personal injury statute of limitations, California Code of Civil Procedure § 340(3).

Where Congress fails to provide a limitations period for federal causes of action, courts ordinarily apply the most appropriate limitations period provided for by state law. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). Prior to *Wilson,* the Ninth Circuit looked at the means by which the right was created, rather than the nature of plaintiff's injury, in determining which limitations period to apply in § 1983 and *Bivens* actions. Hence, the three-year limitations period of California Code of Civil Procedure § 338(1) was adopted for § 1983 actions because such actions were created by statute. *Smith v. Cremins,* 308 F.2d 187, 189 (9th Cir.1962). When determining what California limitations provision to adopt for *Bivens* actions, the *Marshall* court rejected § 338(1), stating that a *Bivens* action was implied from the Consti-

tution, not statutorily based. *Marshall v. Kleppe, supra,* at 1223. That court instead selected the four-year provision of California Code of Civil Procedure § 343, because a *Bivens* action was neither created by statute nor otherwise provided for under California law.

In *Wilson,* the Supreme Court shifted the focus of the analysis used in determining the most appropriate state statute from the *means* by which the right sued upon is created to the *type of injury* for which a remedy is sought.[12] The Supreme Court has yet to apply the reasoning of *Wilson* to *Bivens* actions, and the Ninth Circuit in *Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986), declined to do so on the facts before it.[13] Focusing on the injury alleged to have occurred, as *Wilson* suggests, leads this court to conclude that § 1983 defendants and *Bivens* defendants alleged to have engaged in the same conduct and to have caused the same injury should be subject to the same limitations periods. This court therefore imposes the one-year limitations period of § 340(3) to determine whether the first amended complaint was timely as to defendant Kelley.

Applying the one-year limitations period to plaintiff's *Bivens* claim does not render plaintiff's original complaint untimely, as such application would have done in *Gibson.* It does, as it did with plaintiff's § 1983 claim against Flood, raise the question of whether plaintiff's first amended complaint, filed after the statute of limita-

---

**11.** Section 343 provides: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

**12.** In this regard, the *Wilson* court stated:

The relative scarcity of statutory claims when § 1983 was enacted makes it unlikely that Congress would have intended to apply the catchall periods of limitations for statutory claims that were later enacted by many States. Section 1983, of course, is a statute, but *it only provides a remedy and does not itself create any substantive rights.* 471 U.S. at 278, 105 S.Ct. at 1948. (Emphasis added.)

**13.** *Gibson* involved repeated conduct over a period of time; the question before that court was whether one year or three years of that conduct was actionable at the time the complaint was

filed on July 1, 1980. Using the retroactivity analysis of *Chevron* in determining whether to apply *Wilson,* the cause of action had accrued *and* the action had been commenced *before Wilson* was decided. Under these facts, where *Wilson* was not being applied retroactively to the *§ 1983 claim,* the *Gibson* court decided that it would be inappropriate to apply *Wilson* to the *Bivens* claim.

The *Gibson* court suggested that applying *Wilson* to the *Bivens* claim before it would deprive plaintiff of his cause of action, citing to its retroactivity analysis as to the § 1983 claim. 781 F.2d at 1338, n. 5. The inference of the *Gibson* court that § 1983 claims and *Bivens* claims should be treated similarly is not lost on this court.

tions ran under *Anton v. Lehpamer, supra,* and *Cabrales v. County of Los Angeles, supra,* relates back to his timely filed original complaint under Fed.R.Civ.P. 15(c).

Plaintiff has satisfied the first Rule 15(c) requirement that the claim against Kelley must arise out of conduct alleged in the original complaint. Plaintiff's original complaint, at paragraph 10, included allegations regarding investigative conduct leading to plaintiff's arrest. It is such conduct that provides the basis for bringing Kelley into the lawsuit.

The second requirement of Rule 15(c), that Kelley had notice of the action within the statute of limitations period, has also been met. Kelley was deposed on December 17, 1985, well before the limitations period expired on April 17, 1986. This deposition provided Kelley with knowledge of both the action and the facts upon which the action is based; such knowledge is sufficient notice of the action under Rule 15(c). *Korn v. Royal Carribean Cruise Line, Inc., supra,* 724 F.2d at 1401. This court thus finds that the notice requirement of Rule 15(c) has been satisfied.

The third factor of Rule 15(c) requires a showing that Kelley knew or should have known that, but for a mistake concerning the identity of the proper party, the action would hav been brought against him. It is plaintiff's failure to satisfy this third factor that requires a finding that the first amended complaint does not relate back to the original complaint.[14] Kelley's deposition was taken on December 17, 1985; by that date plaintiff was aware of not only the fact of Kelley's involvement, but also the extent of his involvement.

Plaintiff's failure to name Kelley in the complaint until June 9, 1986, in light of his knowledge of Kelley's activities at least as of December 17, 1985, could reasonably lead Kelley to believe that plaintiff did not intend to sue him. *Kilkenny v. Arco Marine, Inc., supra,* at 857. The original complaint does not, therefore, operate to make the amended complaint timely as to Kelley.

Because plaintiff's first amended complaint does not relate back to the original complaint, the *Bivens* claim contained in the first amended complaint is time barred.[15] Therefore, Kelley's motion to dismiss the action as to him is granted.

---

**14.** Even if the relation-back doctrine of Rule 15 did not apply, this court would find that the relation-back provisions of California Doe pleading practice do not permit plaintiff to relate his amended complaint back to the original complaint as to Kelley. California Code of Civil Procedure § 474 permits the use of fictitious defendants only where plaintiff is ignorant of the name of the defendant being sued under a fictitious name. Kelley indicated in his reply brief that plaintiff was aware of Kelley's identity and role in the arrest as early as October 1983, when plaintiff met with Kelley and an Assistant United States Attorney to discuss the then-pending criminal charges. This assertion is not con-

tested by plaintiff and is not contradicted by the record. Because plaintiff was aware of Kelley and his activities before filing his action in May 1985, plaintiff cannot make a showing that he was either ignorant of Kelley's name or of the cause of action against Kelley. *See Austin v. Mass Bonding & Insurance Co.,* 56 Cal.2d 596, 600, 15 Cal.Rptr. 817, 364 P.2d 681 (1961).

**15.** Unlike Flood, Kelley did not raise the issue of the adequacy of the complaint in alleging a cause of action against him. This court declines to consider this issue *sua sponte.*