8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry W. HERROLD, Petitioner-Appellant,
v.
Edward R. JAGELS, Kern County District Attorney; Lynn
Cottier, Deputy District Attorney; Eric J.
McGillivray, Deputy District Attorney,
Respondents-Appellees.
 No. 93-15434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry W. Herrold was imprisoned from October 16, 1989 to March 18, 1991 for violations of his federal parole. On the date of his release from federal prison, the Kern County District Attorneys Office issued a criminal complaint against Herrold for writing a series of bad checks from August 1989 to October 1989. On April 1, 1991, Herrold pleaded no contest to one count of writing bad checks and was sentenced to state prison. Herrold now alleges that he was not properly informed of the charges against him, that he was denied his right to a speedy trial and that he received ineffective assistance of counsel. Herrold alleges that the appellees, Kern County District Attorney Edward R. Jagels and Deputy District Attorneys Lynn Cottier and Eric J. McGillivray, violated 42 U.S.C. § 1983. The district court dismissed the complaint, and judgment was entered in favor of the appellees. Herrold filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * In a review of a dismissal of complaint, the appellate court should uphold the dismissal if it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Arcade Water Dist. v. United States, 940 F.2d 1265, 1267 (9th Cir.1991) (citations omitted).
 
 II
 
 4
 There are two main questions on appeal. The first issue is whether the appellees have engaged in any actionable misconduct. Herrold basically asserts that three wrongs have been committed against him. Herrold's first claim is that he was not clearly informed of the charges against him, which were for writing bad checks. Herrold does not suggest how he was uninformed about these charges. He never identifies any information that he did not know at the time of his plea bargain, let alone any information that would have affected his guilty plea. Herrold presents nothing beyond the bald assertion that he was not informed. Furthermore, Herrold does not allege any misconduct with respect to these specific appellees regarding his claim of being ill-informed.
 
 
 5
 Second, Herrold asserts that he was denied his constitutional right to a speedy trial because the defendants waited until March 1991 to prosecute conduct which occurred in August through October 1989. Specifically, Herrold alleges that defendants violated California Penal Code § 1381.5 which creates a mechanism for incarcerated criminal defendants to have pending criminal charges brought to trial. However, the procedures of section 1381.5 are not implicated in this case because the charges about which Herrold now complains were not brought until after he was released from prison. In addition, the police report was filed on March 14, 199, the complaint was filed on March 19, 1991, and Herrold pled guilty on April 1, 1991. There is no reasonable basis for alleging that the constitutional right to a speedy trial has been violated. Finally, the statute of limitations for bringing this criminal action in California is three years. Calif.Penal Code § 801. Even if the appellees had been aware of the underlying facts giving rise to the criminal complaint, the prosecution's case was brought well within the three-year window.
 
 
 6
 Third, Herrold asserts that he was denied his constitutional right to effective assistance of counsel. Herrold makes this allegation but never suggests how these defendants had any involvement with his attorney. To state a claim under section 1983, the plaintiff must show that the defendant caused a violation of his constitutional or statutory rights. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991). Herrold makes no such showing and, therefore, there is no basis for civil liability against the appellees on this allegation.
 
 III
 
 7
 The second issue is whether defendants are free from liability in this civil suit because of prosecutorial immunity. Prosecuting attorneys enjoy immunity from civil liability for actions performed in the course of their prosecutorial duties, including initiating prosecutions and presenting cases. Imbler v. Pachtman, 424 U.S. 409, 431, (1976). This immunity extends to related investigative and administrative functions. See Schlegel v. Bebout, 841 F.2d 937, 944 (9th Cir.1988); Freeman v. Hittle, 708 F.2d 442, 443 (9th Cir.1983). Because, the defendants are a district attorney and two deputy district attorneys who are being sued in their capacity as prosecutors, they receive the protection of prosecutorial immunity. Although a prosecutor can lose this immunity from civil suits when he or she performs acts outside of their authority, Schlegel, 841 F.2d at 944, Herrold has not alleged that defendants have committed such conduct. Therefore, even if defendants failed to notify the plaintiff of charges against him, their decisions related to this case are protected against civil liability.
 
 IV
 
 8
 Looking at the record in the light most favorable to Herrold, appellees have committed no wrongs under 42 U.S.C. § 1983. Furthermore, even if defendants could be shown to have made mistakes in prosecuting the charges for writing bad checks, they enjoy immunity for their prosecutorial tasks done in performing their duties. Accordingly, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3