David MIZKUN, Plaintiff-Appellant,

v.

Lou BLANAS, Sheriff; Constance Morgan, Sheriff; and Vid Zupan, Defendants-Appellees.

No. 00-16466.

D.C. No. CV-99-01962-WBS/PAN.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 2000.*

Decided April 4, 2001.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM **

David Mizkun ("Mizkun") appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendant Vid Zupan ("Zupan") repeatedly offered false information to the Sacramento County Sheriff's Department accusing Mizkun of drug related activities due to ethnic or religious animosity, and that Sheriff Lou Blanas ("Blanas") and Deputy Sheriff Constance Norman ("Norman") failed to investigate Zupan for doing so. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim pursuant to Federal

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

Rule of Civil Procedure 12(b)(6). *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153 (9th Cir.2000). We affirm. With respect to Mizkun's claims that the Sheriff's Department kept him under improper surveillance, sent a psychiatric nurse to his home to conduct an exam, and failed to investigate his complaints against Zupan, the district court properly dismissed the allegations against defendants Blanas and Norman. Mizkun failed to allege facts that support the elements of his claim. *See Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (to state such a claim against a government official, the plaintiff must allege either: 1) that the official was personally involved in the constitutional deprivation; 2) a sufficient causal connection between the official's conduct and the constitutional deprivation; or 3) that he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation") (internal quotations omitted). Blanas and Norman's alleged conduct do not rise to the level of a constitutional deprivation of rights. *See Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985). Further, Mizkun did not allege that either state official breached a duty that proximately caused a deprivation of his constitutional rights, and he did not allege that either defendant instituted a deficient policy within the department that impinged upon his civil rights.

Mizkun also failed to allege that Zupan, a private citizen, acted under the color of California law and deprived him of a right protected by either the federal constitution or federal law. *See* 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Fred Meyer, Inc. v. Casey,* 67 F.3d 1412, 1413 (9th Cir.1995). Further, the facts alleged in the complaint do not demonstrate the required close nexus between the state and Zupan such that his private conduct would constitute state action. *See Sutton v. Providence St. Jospeh Med. Ctr.,* 192 F.3d 826, 836 (9th Cir.1999). *See also Rivera v. Green,* 775 F.2d 1381, 1384–85 (9th Cir.1985) (holding that merely complaining to the police does not convert a private party into a state actor). Significantly, Mizkun does not claim that Zupan knew of and acted under the direction of any discriminatory policy or custom advanced by the Sheriff's Department. *Cf. Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 174 n. 44, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ("[A] private person who discriminates on the basis of race with the knowledge of and pursuant to a state-enforced custom requiring such discrimination, is a participant in joint activity with the State, and is acting under color of that custom for purposes of § 1983.") (internal quotation marks omitted).

The district court did not abuse its discretion in dismissing Mizkun's complaint with prejudice because it appears beyond a doubt that Mizkun can prove no set of facts in support of his claims that would entitle him to relief. *See Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir. 1997); *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) ("The district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint.").

AFFIRMED.