Mazie KELLER, Plaintiff–Appellant,

v.

PRINCE GEORGE'S COUNTY; Prince George's County Department of Social Services, Defendants–Appellees.

No. 89–2333.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1990.

Decided Jan. 8, 1991.

Herbert Vincent McKnight, Jr., argued (Michael H. Feldman, Ashcraft & Gerel, Washington, D.C., on brief), for plaintiff-appellant.

Nancy Backer Shuger, Asst. Atty. Gen., argued (J. Joseph Curran, Jr., Atty. Gen. of Maryland, Mark J. Davis, Asst. Atty. Gen., Baltimore, Md., on brief), for defendants-appellees.

Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.

CHAPMAN, Circuit Judge:

Plaintiff Mazie Keller, a black woman, sued her employer, the Prince George's County Department of Social Services (the "Department"), and the State of Maryland alleging racial discrimination in violation of the fourteenth amendment and 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The suit arose from the Department's decision to deny Keller a promotion. Keller requested a jury trial for her section 1983 claim. The district court granted summary judgment to the Department on Keller's section 1983 claim finding that Title VII provided the exclusive remedy for employment discrimination claims against a state employer. *Keller v. Prince George's County Dep't of Social Servs.*, 616 F.Supp. 540 (D.Md.1985).

After a bench trial, the district court entered judgment for the Department on the Title VII claim, holding that Keller had failed to prove, by a preponderance of the evidence, that the denial of her promotion was due to racial discrimination. On appeal, the Fourth Circuit reversed and remanded, holding that Title VII did not provide the exclusive remedy for employment discrimination claims against a state employer and that persons seeking monetary damages under section 1983 had a right to a jury trial under the seventh amendment. 827 F.2d 952 (4th Cir.1987).

On remand, the Department made a motion for summary judgment on two grounds: (1) that the factual determinations made in the Title VII bench trial collaterally estopped a jury trial of the section 1983 claim and (2) that the Department could not be liable for damages be-

cause of sovereign immunity.* In support of the sovereign immunity defense, the Department submitted affidavits under Fed.R. Civ.P. 56(b). Keller opposed the motion but failed to submit an affidavit under either Rule 56(e) or 56(f). Keller filed a motion to reopen discovery and to amend her complaint to name the supervisory personnel who participated in her employment decision as defendants in their individual capacities. The district court denied Keller's motions and granted the Department's motion for summary judgment on the collateral estoppel ground. Keller appealed. We affirm the district court but on the alternate ground that the Department is a state agency and, thus, immune from money damages.

I.

■ The Department contends that sovereign immunity is an independent ground supporting the district court's grant of summary judgment, and we agree. Although the district court did not rule on the merits of this argument, "[t]he prevailing party may, of course, assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court." *Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 1156 n. 6, 25 L.Ed.2d 491 (1970) (citations omitted); *accord Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir.1984).

■ An unconsenting state enjoys eleventh amendment protection against a private party's suit for damages. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). It is equally well settled that any arm of the state is protected by such immunity. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977). To determine if a suit is against an arm of the state, courts look to the essential nature

and effect of the proceedings as well as the nature of the entity being sued. *Id.; Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945). When the essence of the action is to recover money from the state, the state is the real party in interest and, thus, is entitled to invoke its sovereign immunity. *Id.* at 464, 65 S.Ct. at 350–51.

The Department submitted two affidavits under Rule 56(b) in support of its motion for summary judgment which set forth financial and administrative information about the Department. Keller failed to file any affidavit as required by Rule 56(e) or 56(f) and did not proffer any evidence to contradict the information supplied by the Department. The Department raised the sovereign immunity defense in its original answer, and Keller had over two and a half years to inquire into the status of the agency. Keller could have, but did not, sue the individuals responsible for her promotion decision.

■ According to the affidavits, the Department is a local department of social services operated by the Maryland Department of Human Resources, an agency of the executive branch of state government. The employees of the Department receive fringe benefits and paychecks from the state and perform their duties subject to state personnel policy. State law and procedure dictate how the Department operates and organizes its programs. Only two percent of the Department's funding comes from the county with the remainder coming from the state and federal governments. Accordingly, we hold that the Department is a state agency. Thus, since any judgment against the Department would be a judgment against the state, the Department is immune from suit.

II.

The Department, relying on *Dwyer v. Smith*, 867 F.2d 184, 192 (4th Cir.1989), urged below that the findings of fact and

---

* In our prior opinion we stated, "On remand, if the state chooses to raise the defense of the eleventh amendment, the district court may consider its proper application in this case." *Id.* at 964.

judgment against a plaintiff on a fully litigated Title VII claim preclude relitigation of the same facts under section 1983. The district court agreed and held that Keller was collaterally estopped from litigating her section 1983 claim. Subsequent to the district court opinion, the Supreme Court addressed this issue in *Lytle v. Household Mfg., Inc.*, — U.S. ——, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). In that case, Lytle brought a section 1981 and a Title VII claim against his employer. The district court, erroneously concluding that Title VII provided the exclusive remedy, dismissed the section 1981 claim. At the close of Lytle's case-in-chief, the court granted the employer's motion to dismiss the Title VII claim. On appeal, this court held that although the section 1981 claim was erroneously dismissed, the district court's findings with respect to the Title VII claim collaterally estopped the litigation of Lytle's section 1981 claim. 831 F.2d 1057 (4th Cir.1987).

■ The Supreme Court reversed and held that when a district court resolves issues common to both a legal and an equitable claim due to an erroneous dismissal of the legal claim, such determinations cannot collaterally estop the later jury trial of the legal claim. *Lytle*, 110 S.Ct. at 1336–37. The Court found that the purposes of collateral estoppel would not be served by its application to this case. First, it was not needed to prevent multiple suits, because *Lytle* involved but one suit in which the plaintiff properly joined his legal and equitable claims. Second, the Court found that this was not a case of judicial resources being dissipated in "needless litigation," because relitigation was required to correct the error below. *Id.* at 1337.

*Lytle* controls here. The procedural history of *Lytle* and *Keller* are closely analogous, and both deal with the joining of an equitable claim and a separate and distinct legal claim, the latter invoking the plaintiffs' constitutional rights to a jury trial. The rationale behind the holding in *Lytle* is equally applicable whether the case involves the joining of a section 1981 or a section 1983 claim with a Title VII claim.

Accordingly, the district court erred in granting the Department's motion for summary judgment on collateral estoppel grounds, but this error does not require us to remand because we hold that the Department is immune from section 1983 damages under the doctrine of sovereign immunity.

### III.

■ Keller also appeals the denial of her motion to amend her complaint to name the supervising personnel as defendants individually. Motions to amend are committed to the discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, we find that the district court did not abuse its discretion in denying the motion. Keller concedes that the statute of limitations has expired on her section 1983 claim and, thus, leave to amend would be futile unless the amendment relates back to the filing of the original complaint. Federal Rule 15(c) provides that an amendment adding a new party relates back, but to stay application of a statute of limitations, four factors must be met. We find that Keller cannot satisfy these requirements, which are:

> (1) the claim arose out of the same transaction or occurrence as set forth in the original complaint;
>
> (2) the adverse party has received such notice that he will not be prejudiced in maintaining his defense;
>
> (3) the adverse party knew or should have known that, but for a mistake in identity, the action would have been brought against him; and
>
> (4) the second and third requirements must have been satisfied within the statute of limitations.

*Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Weisgal v. Smith*, 774 F.2d 1277, 1279 (4th Cir.1985).

While both parties agree that the first requirement is satisfied, they disagree as to the remaining three. Keller asserts that the individuals received notice of the suit as evidenced by their testimony at trial. However, we require more than mere

awareness of the suit to satisfy this requirement. In *Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir.1989), we held that a suit against the United States and some government officials did not constitute notice to the head of the United States department for which the plaintiff worked, and relation back under Rule 15(c) was not allowed. *Accord Bell v. Veterans Admin. Hosp.*, 826 F.2d 357 (5th Cir.1987) (relation back not permitted even though administrative hearings put the party to be joined on notice of a potential suit). Although the individuals here participated in the suit, this participation did not constitute proper notice that they would be sued.

■ Furthermore, nothing suggests that the individuals knew or should have known that, but for a mistake in identity, the action would have been brought against them. Keller does not argue that she was unaware of who made the promotion decision, but she failed to timely move to amend her complaint within the statute of limitations. Thus, the individuals could reasonably assume that because they were not sued in their individual capacities, Keller had made a conscious decision to proceed solely against the Department.

Since no evidence supports a mistake in identity and the individuals did not receive proper notice during the statute of limitations, there was no abuse of discretion in denying the motion.

For the foregoing reasons, the district court's denial of Keller's motion to amend and its granting of the Department's motion for summary judgment are

AFFIRMED.