792 F.Supp. 1150 (1992)
John L. CAMPBELL, Plaintiff,
v.
T. WARD, et al., Defendants.
No. 90-2273C(6).
United States District Court, E.D. Missouri, E.D.
May 27, 1992.
*1151 The Law Offices of William A. Brasher, Thomas J. Prebil, St. Louis, Mo., for plaintiff.
Brown & James, Robert S. Rosenthal, St. Louis, Mo., for defendant Jacob.
Lashly & Baer, James J. Hennelly, St. Louis, Mo., for defendant MO Baptist Med. Ctr.
Kortenhof & Ely, Joseph M. Kortenhof, Edward V. Crites, St. Louis, Mo., for defendants Ward and Vinjamuri.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendant West County Anesthesia, Inc. (West County) for summary judgment on plaintiff's complaint. In this action plaintiff John L. Campbell (Campbell) seeks to recover for injuries allegedly sustained during the course of a surgical procedure known as a lumbar laminectomy and fusion at Missouri Baptist Medical Center on December 6, 1988. Plaintiff contends that as a result of the surgery he has sustained severely impaired vision in his left eye. On December 5, 1990, plaintiff filed suit against Dr. Jacob, the neurosurgeon who performed the operation, Dr. Vinjamuri, the anesthesiologist, Terry Ward, a Certified Registered Nurse Anesthetist (C.R.N.A.), who assisted Dr. Vinjamuri, and Missouri Baptist Medical Center. During discovery plaintiff learned that a Dr. Brazil also served as anesthetist during a portion of the operation and that Brazil, Vinjamuri and Ward were all employed by West County. On January 8, 1992, the Court entered an order allowing plaintiff to file a second amended complaint adding Dr. Brazil as a party. On March 11, 1992, plaintiff sought leave of Court under Federal Rule of Civil Procedure 60(b) to file a corrected second amended complaint adding West County Anesthesia, Inc. as a party. The Court granted the motion. On April 3, 1992, plaintiff voluntarily dismissed his claims against Dr. Jacob, Missouri Baptist Medical Center and Dr. Brazil.
West County now moves for summary judgment asserting that plaintiff's claim against it is barred by the applicable two-year statute of limitations which expired on December 6, 1990, one day after this suit was filed. Specifically, West County contends that the corrected second amended complaint should not relate back to the date of the filing of the suit because the requirements for relation back set forth in Federal Rule of Civil Procedure 15(c) are not satisfied in this instance. Campbell asserts that his claim against West County should relate back because West County as the employer of Ward and Vinjamuri is sufficiently related to the original defendants to permit imputation of notice to West County on the basis of the filing of the complaint against Dr. Vinjamuri and Nurse Ward.
In reply West County concedes that Campbell's claim arises out of the transaction alleged in the original complaint and therefore satisfies one of the requirements of Rule 15(c). West County denies, however, that it employed Vinjamuri or Ward on December 6, 1988, and therefore asserts that it had neither notice of the institution of the action nor constructive knowledge that it would have been named as a party but for a mistake on the part of the plaintiff.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir. 1988); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences *1152 that reasonably may be derived therefrom in the light most favorable to the nonmoving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Pursuant to Federal Rule of Civil Procedure 15(c), an amended complaint which arises out of the same transaction or occurrence alleged in the original complaint will relate back to the date of filing of the original complaint if the new party received notice of the institution of the action within the period prescribed by Federal Rule of Civil Procedure 4(j) for service of summons and complaint[1] and knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against it.
Campbell concedes that West County did not receive actual notice of the suit within 120 days of the institution of the action. He contends, however, that West County employed Dr. Vinjamuri and Nurse Ward and that this relationship creates a sufficient relationship or identity of interest between the originally named defendants and West County to warrant the imputation of notice to West County on the basis of the filing of the original suit. In support of his contention, Campbell offers deposition testimony which indicates that West County paid Dr. Vinjamuri and Nurse Ward and controlled their work schedules, their assignment to particular patients and the drugs which would be administered to patients. In addition, the deposition testimony offered indicates that Dr. Vinjamuri and Nurse Ward both identified West County as their employer at the time of the surgery. West County offers an affidavit in which it denies that it employed Dr. Vinjamuri and Nurse Ward on December 6, 1988.
In the absence of actual notice, courts have found constructive notice to a defendant served after the running of the statute of limitations where there is an identity of interest between the original defendant and the subsequently named defendant. See Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 12 (1st Cir.1990). The requisite "identity of interest" is established where "the original and the added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102-03 (1st Cir.1979).
The contradictory assertions offered by the parties concerning the existence of an employment relationship preclude a determination that the defendant is entitled to summary judgment on the basis of an absence of notice.
Nevertheless, the Court concludes that West County is entitled to summary judgment because plaintiff has offered no proof that its failure to name West County in the original complaint resulted from a mistake within the meaning of Rule 15(c). Plaintiff admits that he did not learn of the possible role of West County in the suit until almost a year after the suit was filed *1153 and the statute of limitations had run. Lack of knowledge of the proper party does not permit an amendment to relate back under the mistake prong of Rule 15(c). See Rylewicz v. Beaton, 888 F.2d 1175, 1181 (7th Cir.1989); Norton v. Intern'l Harvester Co., 627 F.2d 18, 22 (7th Cir.1980); Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir.1980). Even after plaintiff learned that West County had a possible role in the suit, he waited several months before filing an amended complaint naming West County as a defendant. Plaintiff's inaction could have been viewed as an intentional decision not to sue and belies his contention that West County should have known that the failure to include it in the original complaint was a mere mistake. See Keller v. United States, 667 F.Supp. 1351, 1357-58 (S.D.Cal. 1987). On the basis of the foregoing, the Court concludes that plaintiff has failed to demonstrate that the mistake prong of Rule 15(c) has been satisfied in this case. Therefore, West County is entitled to judgment on the amended complaint naming it as a defendant because the complaint was filed after the expiration of the statute of limitations and does not relate back to the date of the filing of the original complaint.

JUDGMENT
Pursuant to the memorandum filed on this date herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant West County Anaesthesia, Inc.'s motion for summary judgment shall be and it is granted.
NOTES
[1] The revised version of Rule 15(c) which became effective on December 1, 1991, refers to the time period established by Federal Rule of Civil Procedure 4(m) rather than 4(j). This is a reference to a proposed revision of Rule 4 had not been submitted to Congress at the time it voted to adopt the amendment to Rule 15. Congress corrected this reference to a nonexistent subsection of Rule 4 by substituting a reference to Rule 4(j). Pub.L. 102-198, Dec. 9, 1991, 105 Stat. 1626.