**Lora PHILLIPS, Plaintiff,**

v.

**UNITED FIXTURES CO., INC. et al., Defendants.**

**Civil Action No. 95–34–C.**

United States District Court, Western District of Virginia, Charlottesville Division.

Aug. 29, 1996.

---

Martin J. McGetrick, Richard A. Diamond, Chandler, Franklin & O'Bryan, Charlottesville, VA, for plaintiff.

William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, for United Fixtures Company, Inc.

Temple Witt Cabell, Schaffer & Cabell, P.C., Richmond, VA, William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, for Paltier Division of Lyon Metal Products, Inc.

## MEMORANDUM OPINION

CRIGLER, Magistrate Judge.

This action has been transferred to this court under authority of 28 U.S.C. § 636(c)(2), the parties having consented to the exercise of dispositive jurisdiction by a United States Magistrate Judge. Before the court is the May 20, 1996 motion of the defendant Paltier, Inc., a division of Lyon Metal Products, Inc.'s ("Paltier") under Fed. R.Civ.P. 12(c) for judgment on the pleadings. It believes that plaintiff's claims against it are barred by the applicable Virginia statute of limitations. Plaintiff has filed her opposition, and for the reasons stated below, an order will enter denying the motion.

## STATEMENT OF THE CASE

Plaintiff originally filed this action in the Northern District of Alabama against defendant United Fixtures Company, Inc. ("United Fixtures").[1] She set forth various claims arising out of injuries she allegedly sustained on August 19, 1992, when a shelving rack in Lowe's Home Center in Charlottesville, Virginia, collapsed while she was stocking the shelf. Plaintiff alleges that the shelf collapsed because a lock pin gave way and the bracket released. Lock pins and brackets secure the shelves, and, at the time plaintiff filed suit, she believed that United Fixtures manufactured, marketed and sold the rack.

---

1. The case was transferred from the Alabama District Court to the Western District of Virginia by Order entered on June 1, 1995.

In her original complaint filed on August 12, 1994, plaintiff claimed that the lock pin and bracket were unmerchantable and not fit for its intended use within the meaning of the Uniform Commercial Code; the lock pin and bracket were negligently designed, manufactured, tested, and/or maintained by defendant; or, in the alternative, that United Fixtures had negligently inspected and tested the locking pins and brackets within the Charlottesville Lowe's store before plaintiff's accident. Plaintiff also claimed that defendant was strictly liable to plaintiff because the lock pin and bracket were defective in that the defendant's design did not have a redundant means of securing the shelf to the vertical brackets even though it was foreseeable that employees would be required to work on the elevated shelves in order to set and reset product, and that defendant was liable under the Alabama Extended Manufacturers Liability Doctrine for marketing the product, namely the bracket with locking pin, which was defective and unreasonably dangerous.[2]

It is uncontested that on October 5, 1994, while the case remained in the Northern District of Alabama, defendant United Fixtures sent Paltier a letter demanding that Paltier take over the defense of plaintiff's case on the grounds that United Fixtures allegedly purchased the lock pin and bracket at issue from Paltier. Paltier responded on October 11, 1994 acknowledging receipt of the letter but refusing to take over the defense of the case. On October 18, 1994, the Alabama court entered a Rule 16 Scheduling Order which, *inter alia*, granted plaintiff leave until January 30, 1995 to join additional defendants. On October 27, 1994, defendant United Fixtures moved the Alabama court for leave to add Paltier as a third party defendant, alleging that Paltier actually manufactured the lock pin and bracket at issue and sold them to United Fixtures. *See* Fed. R.Civ.P. 14. It is at this point that procedural posturing by the parties and the actions by the presiding District Judge in the Northern District of Alabama become both interesting and relevant to the issues drawn by Paltier's motion to dismiss in this court.

The presiding judge did not immediately rule on United Fixtures' motion to add Paltier. Instead, a dispute erupted over venue. The presiding judge then entered another scheduling order on December 6, 1994, *inter alia*, directing United Fixtures to provide the court with a copy of the Third Party Complaint within 15 days of the entry of the order. On December 15, 1994, United Fixtures filed with the Alabama court its proffered Third Party Complaint, and on December 22, 1994 it filed a Memorandum supporting its proffered third party action. Plaintiff did not oppose United Fixtures' efforts to add Paltier, and so indicated that to the court on December 27, 1994.

In the meantime, on December 16, 1994, plaintiff also moved the Alabama court to amend her complaint to add Paltier as a defendant. She tendered to the court a copy of the proposed amended complaint. It is clear to this court that, in the meantime, Paltier was waiting on the sidelines for one or the other shoe to drop.

On January 24, 1995, by marginal note on both United Fixtures' motion to add Paltier as a third party defendant and upon plaintiff's motion to amend the complaint, the presiding district judge denied United Fixtures' motion and granted plaintiff's motion to amend to add Paltier as a defendant to plaintiff's primary action.[3] Plaintiff's amended complaint joining both United Fixtures and Paltier was docketed on February 1, 1995, though it had been proffered on December 16, 1994. United Fixtures then cross-claimed, and both defendants responded to the allegations against them. As part of its response, Paltier challenged the propri-

---

2. These latter claims have been dismissed by this court by Order entered on June 25, 1996.

3. Marginal notations in lieu of the entry of orders granting or denying relief are not a method utilized in this District or, as far as this court knows, in this Circuit because it is fraught with problems. First, orders entered upon the margin of motions are difficult to recognize as orders, and they do not appear on the docket of the court as a separate order. Moreover, they conveniently fail to provide any rationale for their entry, which certainly would have been helpful in this case. In essence, marginal orders simply are a labor saving device for the presiding judge.

ety of venue in Alabama, and on March 6, 1995 moved to transfer the case to the Western District of Virginia.

## RELATION BACK

Under the *lex loci* doctrine, plaintiff's cause of action accrued according to Virginia law on August 19, 1992 when she was injured in the accident, and the statute of limitations ran on August 19, 1994, two years later. Va.Code Ann. § 8.01–243. Plaintiff's amended complaint adding Paltier as a defendant actually was filed by the Alabama court on February 1, 1995, over five and a half months after the statute of limitations ran. Nevertheless, plaintiff may properly pursue her lawsuit against defendant Paltier if her amended complaint "relates back" to her original complaint filed in the Alabama court on August 12, 1994. Fed.R.Civ.P. 15(c).

■ Under Rule 15(c), an amendment that names a new party against whom a claim is asserted relates back to the original filing date if three conditions are met. First, the claim or defense asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed. R.Civ.P. 15(c)(2). Second, within the period provided by Rule 4(m) for service of the summons and the complaint (120 days), the party to be brought in by amendment must have received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits. Fed. R.Civ.P. 15(c)(3)(A). Third, the rule requires that the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c)(3)(B).

■ There is no dispute that the first condition has been met. Plaintiff's amended complaint arose out of the same August 12, 1992 accident at Lowe's that forms the basis of her action against United Fixtures. Thus, plaintiff's claim against Paltier arises out of the same conduct, transaction, or occurrence.

■ The second condition is twofold. It requires both that the party to be added receive notice of the institution of the action within 120 days after the original complaint is filed, and that the notice be sufficient information that the defendant to be added is not prejudiced in maintaining a defense. Notice of the institution of plaintiff's original action need not be formal nor need it be directly from the plaintiff. "Informal" notice to the new party of the commencement of the action is sufficient. *Bruce v. Smith*, 581 F.Supp. 902, 906 (W.D.Va.1984); *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1182 (3d Cir.1994) (notice through receipt of a crossclaim). However, the Fourth Circuit "require[s] more than mere awareness of the suit to satisfy [the notice] requirement." *Keller v. Prince George's Cty.*, 923 F.2d 30, 33–34 (4th Cir.1991). "The rule requires not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir.1989).

The notice element clearly has been met in this case. While plaintiff did not move to amend the complaint in the Alabama district court until December 16, 1994, some six days after the 120 day service period under Rule 4 ordinarily would have expired, the procedural history of this case in that court demonstrates beyond doubt that Paltier knew of the litigation as early as October 5, 1994 when United Fixtures asked it to take over the defense because it manufactured the product. In this court's judgment that was only the tip of the notice iceberg.

Thereafter in the Alabama court, nothing less than strategic jockeying occurred in an effort to determine the proper vehicle to officially bring Paltier into the case. At least by the time of the court's pretrial order of December 6, 1994 was entered, there was no question, even in the presiding court's mind, that a third party action was contemplated. A proffer of the third party complaint actually was filed with the Alabama court on December 15, 1994. Moreover, the trial court's pretrial scheduling Order entered on October 18, 1994 gave the plaintiff until January 30, 1995 and United Fixtures until February 15, 1995 to add new parties, and plaintiff actually moved to amend on December 16, 1994.

The clincher for this court is that both plaintiff and defendant were making good faith attempts to have Paltier joined as a party, but their efforts, in large measure, were thwarted by the presiding judge's inaction until January 24, 1995. Once the Alabama district judge denied United Fixtures' motion for leave to file a third party complaint, plaintiff proceeded with reasonable diligence to file the amended complaint, and both United Fixtures and Paltier answered that complaint.

This court cannot accept Paltier's argument that it will be prejudiced in its defense of the case because it did not have sufficient of notice within the 120 day period prescribed by the rules. On the record before this court, it is beyond doubt that Paltier knew it would be a party to this case. The only thing that Paltier did not know was whether it was going to be a third party or primary defendant. In either event, its defenses essentially would be the same.

The third condition also gives this court little pause on the record that is before it. Paltier knew or should have known that it would have been a defendant in this case had plaintiff not labored under the mistaken belief that United Fixtures manufactured the subject product. In addition, this court finds that the delay in plaintiff's actually filing the amended complaint was not her fault, and, on the record of this case, reasonably cannot be construed as a tactical decision or dilatory inaction that in any way negates Paltier's knowledged of the mistake. *Compare Lundy v. Adamar of N.J., Inc.,* 34 F.3d 1173 (3d Cir.1994); *Keller v. Prince Georges Cty.,* 923 F.2d 30 (4th Cir.1991); *Campbell v. Ward,* 792 F.Supp. 1150 (E.D.Mo.1992).

For these reasons, the court concludes that all the relation back criteria set forth in Rule 15 have been met. An order will enter denying Paltier's motion for judgment on the pleadings. The Order also will fix a further pretrial scheduling date with an eye toward reaching a final resolution of the case.