Mamie McGHEE, et al.

v.

**DIRECTOR, DEPARTMENT OF HEALTH AND MENTAL HYGIENE, et al.**

Civil No. Y–97–673.

United States District Court, D. Maryland.

Oct. 10, 1997.

---

William A. Issacson, Washington, DC, Ron M. Landsman, Bethesda, MD, Bruce Vignery, Washington, DC, for Plaintiffs.

Elizabeth M. Kameen, Steven D. Keller, John F. Lessner, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

This litigation represents the second attempt of Mamie McGhee ("McGhee") to challenge the implementation of federal Medicaid law regarding the distribution of income between nursing home residents and their spouses who continue to reside in the community, *see* 42 U.S.C. § 1396r–5, by the Maryland Department of Health and Mental Hygiene and the Prince George's County Department of Social Services (collectively, "the State").[1]  The Court dismissed McGhee's first suit without prejudice on ripeness grounds by Memorandum Opinion dated November 13, 1996. *McGhee v. Director, Dep't of Health & Mental Hygiene et al.*, Civil No. Y–96–1913 (Nov. 12, 1996) (Memorandum Opinion) ("*McGhee I*"). McGhee

---

1. The Prince George's County Department of Social Services is considered part of the Government of the State of Maryland. *Keller v. Prince George's County*, 923 F.2d 30, 32 (4th Cir.1991).

subsequently filed the instant suit on March 5, 1997.

Most of the facts of this case do not differ from those of *McGhee I*. On July 19, 1993, William McGhee ("Mr. McGhee"), Mrs. McGhee's husband, who is over eighty years old and suffers from Alzheimer's Disease, was admitted to a nursing home facility in Largo, Maryland. On November 5, 1993, he applied to Maryland for Medicaid coverage of his nursing home care and was granted eligibility effective November 1, 1993. In late 1994, Mrs. McGhee determined that her income was not sufficient to meet her needs.[2] Instead of applying to Maryland for a Community Spouse Monthly Income Allowance ("CSMIA"), Mrs. McGhee petitioned the Superior Court for the District of Columbia for an income support award from her husband's retirement benefits. On December 2, 1994, the Superior Court issued an order requiring that $956.90 be paid to Mrs. McGhee from her husband's retirement income as a CSMIA.

On December 7, 1994, Mrs. McGhee presented the court order to Maryland and requested that it be implemented as her CSMIA. Case workers handling the request sought information regarding Mrs. McGhee's household expenses. Without providing the information or allowing the request to be processed, Mrs. McGhee initiated an administrative review. After an administrative law judge ruled against her on ripeness grounds, she sought a continuance of further administrative review and filed *McGhee I* in this Court. After this Court dismissed *McGhee I*, McGhee appealed the ALJ's decision administratively, and the decision was affirmed on January 17, 1997. Meanwhile, the State had rejected a second application for Maryland Medicaid benefits which included the information sought by the State in the first application. This suit followed, seeking a declaratory judgment that the State, by refusing to give McGhee a $956.90 deduction for a spousal income allowance and by promulgating manuals and internal worksheets relating to spousal income allowances, is vio-

lating 42 U.S.C. §§ 1396a(a)(5), 1396r–5, 1396r–5(d) and 42 C.F.R. §§ 430.10 and 435.904. McGhee also seeks attorneys' fees and costs under 42 U.S.C. § 1988.

After McGhee filed this suit, Maryland Administrative Law Judge William J. Sommerville, III delivered an opinion and order on May 30, 1997 regarding McGhee's second application. The ALJ concluded that the local department correctly rejected McGhee's second application for a CSMIA, based on the information she submitted, because she failed to establish her threshold eligibility for a CSMIA. The ALJ concluded, however, that McGhee was "entitled to have the local department consider the D.C. court's support order . . . if, and when, the local department first calculates a CSMIA and Recipient's available income. . . ." In essence, the ALJ, relying on the federal statute's language and legislative history, found that the D.C. court's support order represents a minimum CSMIA amount when the local department, considering all the information submitted by McGhee, decides she is eligible for any CSMIA, even if nominal. The ALJ indicated that McGhee was free to reapply for medical assistance benefits at any time.

McGhee has moved for summary judgment, and the State has moved to dismiss, or in the alternative, for summary judgment. Both parties argue that their respective interpretations of the federal statute and regulations mandate a decision in their favor. The State also argues that its sovereign immunity from suit in federal court deprives this Court of subject-matter jurisdiction, relying on the recent Supreme Court case of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and further maintains that the Court should exercise equitable restraint and decline to hear the case, in accord with the principles announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As explained below, however, the Court need not reach the issues raised in the State's motion because subsequent events have rendered this case moot.

---

**2.** Mrs. McGhee receives a monthly retirement benefit of $2,374.19 and retains the couple's liquid assets of $115,217. Mr. McGhee receives a monthly Railroad Retirement pension of $1,014.11.

## II.

### A.

In a declaratory judgment action, as in any other action, a case or controversy must exist under Article III of the Constitution before a federal court may grant the requested relief. *Muskrat v. United States,* 219 U.S. 346, 356, 31 S.Ct. 250, 253, 55 L.Ed. 246 (1911) (unanimous decision); *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983) (per curiam); *Nome Eskimo Community v. Babbitt,* 67 F.3d 813, 816 (9th Cir.1995); *Natural Resources Defense Council v. Watkins,* 954 F.2d 974, 984 (4th Cir.1992); *Syndicated Publications, Inc. v. Montgomery County,* 921 F.Supp. 1442, 1445 (D.Md.1996). If this case is moot, the Court is without jurisdiction to grant the requested relief because the Court cannot grant a remedy to redress McGhee's injuries. *Iron Arrow,* 464 U.S. at 70, 104 S.Ct. at 374; *Syndicated Publications,* 921 F.Supp. at 1445.

In *City of Houston v. HUD,* 24 F.3d 1421 (D.C.Cir.1994), the court cogently analyzed the availability of declaratory relief against continuing government administrative action when the plaintiff's individual claim is rendered moot. If the plaintiff does not challenge an ongoing policy or practice, but merely attacks the agency's isolated action against the plaintiff, the case is moot unless it falls within an exception to the mootness doctrine. *Id.* at 1429. If the plaintiff challenges an ongoing agency action, but lacks standing to attack future applications of that policy, the court is unable to award relief. *Id.* at 1430. Finally, if the plaintiff challenges both specific agency action and an ongoing agency policy or practice, declaratory relief may be granted *if* the plaintiff has standing to challenge future implementation of the policy, and the claim is ripe for review. *Id.*

McGhee's well-pleaded complaint seeks this Court's declaration that the State, by refusing to give McGhee a $956.90 deduction for a spousal income allowance and by promulgating manuals and internal worksheets relating to spousal income allowances, is continuously violating 42 U.S.C. §§ 1396a(a)(5), 1396r–5, 1396r–5(d) and 42 C.F.R. §§ 430.10 and 435.904. McGhee thus challenges both the specific actions of the State in her case and the State's continuing practice regarding CSMIAs. The Court may, therefore, exercise jurisdiction to grant declaratory relief if McGhee's individual claim is ripe for review and she has standing to challenge the State's continuing practice.

### B.

ALJ Sommerville determined that McGhee, upon establishing her eligibility for a CSMIA, was entitled to a minimum CSMIA of $956.90 based on the D.C. court's order. Accordingly, McGhee's individual claim for relief is not ripe for review because ALJ Sommerville's decision renders her claim moot in this Court. ALJ Sommerville has held that McGhee is entitled to a minimum CSMIA of $956.90 based on the D.C. court's order upon an administrative threshold determination that McGhee is entitled to a CSMIA of any amount. ALJ Sommerville has, in essence, granted McGhee's requested relief by holding that the local department must consider a foreign court's support order in calculating a CSMIA once the department has determined the applicant's eligibility for a CSMIA in any amount. McGhee does not, and cannot, contend that under federal law she is entitled to a $956.90 CSMIA based on the D.C. court's order regardless of whether, as threshold matter, she is entitled to a CSMIA at all under the relevant federal law and state regulation. *See* 42 U.S.C. § 1396r–5(d)(3) (defining general eligibility for CSMIA); MD.REGS.CODE tit. 10, § 09.24.10(C)(5–7) (same). The ALJ's determination renders McGhee's individual claim moot because it constitutes essentially the same relief requested of this Court, and would render a grant of declaratory relief by this Court nugatory.

Nor has McGhee come forward with evidence tending to show that the facts of this case are "capable of repetition, yet evading review." McGhee bears the burden of introducing evidence demonstrating the applicability of this exception to the mootness doctrine, *see City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675

(1983), and she has not demonstrated that the State's allegedly illegal policy will continue if the Court declines to grant declaratory relief. Further, the factual record does not disclose a realistic risk that McGhee will have no effective remedy; indeed, the ALJ's decision grants McGhee essentially the same relief requested in this litigation. Finally, McGhee has not demonstrated that she will be affected if the State were to continue its allegedly illegal practice.[3]

### C.

Although McGhee's individual claim is moot, the Court may entertain a request for declaratory relief regarding the State's future violations if she can establish standing to seek this prospective relief. *City of Houston,* 24 F.3d at 1429. To establish standing, McGhee must demonstrate her risk of actual or imminent future injury, as opposed to hypothetical injury. *Id.; Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *see also Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (holding federal declaratory relief not precluded where plaintiff was repeatedly threatened with allegedly unconstitutional criminal prosecution); *cf. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (finding injunctive relief inappropriate where plaintiff, who was allegedly abused by police officers, lacked standing to pursue future violations). As the party invoking federal jurisdiction, McGhee bears the burden of proving her standing to seek declaratory relief for future violations of federal law. *Lujan,* 504 U.S. at 561, 112 S.Ct. at 2136.

McGhee's well-pleaded complaint and the papers filed regarding the motions before the Court are utterly devoid of such proof. McGhee has not presented a scintilla of evidence demonstrating the State's propensity to repeat the allegedly offending conduct in light of ALJ Sommerville's decision, or that she will be injured. The record does not disclose the State's intent to pursue the challenged conduct after receiving ALJ Sommerville's decision. McGhee therefore lacks standing to pursue a declaratory judgment regarding the State's future conduct. Because McGhee's individual claim is moot, and because she lacks standing to pursue a declaratory judgment against future offending state conduct, McGhee cannot maintain this case before this Court. Accordingly, the Court will enter an order dismissing the case without prejudice.

### III.

It is well-settled that the exercise of jurisdiction over a declaratory judgment action is within the Court's discretion. *Mitcheson v. Harris,* 955 F.2d 235, 237 (4th Cir.1992). Based on the above analysis, dismissal is further warranted as a proper discretionary refusal of this Court's jurisdiction over a declaratory judgment action. The Fourth Circuit has indicated that a court may consider the applicability of state law in exercising its discretion in a declaratory judgment action. *Id.* at 237–38. While the disputed Medicaid law is a creature of Congress, Maryland law and regulations are also intimately involved. A further state interest weighing in favor of dismissal is the desirability of resolving all litigation stemming from this incident in a single, Maryland, court system. *Id.* at 239. It is unclear from the state of the record whether ALJ Sommerville's decision has been appealed. If it has, however, judicial economy is served by this Court's abstention until the appeal is resolved, perhaps ultimately through state judicial review.

---

**3.** This case is distinguishable from *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), which rejected a mootness argument by invoking the "capable of repetition, yet evading review" exception. In that case, the Court noted a "reasonable expectation" that the petitioner would exercise his rights under the law giving rise to the controversy. *Id.* at 318 n. 6, 108 S.Ct. at 601 n. 6. In this case, it is likely that McGhee will reapply for benefits, including a CSMIA, but no evidence exists that the State, in light of the ALJ's determination, will ignore the effects of the D.C. court order should it find McGhee is entitled to a CSMIA as a threshold matter. Indeed, such a presumption would insult the State's role in our federal system of government. *See Idaho v. Coeur d'Alene Tribe of Idaho,* —— U.S. ——, ——, 117 S.Ct. 2028, 2037, 138 L.Ed.2d 438 (1997) (noting that the states are an adequate forum for resolving federal questions, and that a doctrine based on the states' inherent inadequacy runs counter to principles of federalism).

160

The federal courts also have an important interest in promoting federalism and comity between the Federal and State Governments. Refusing to intervene until the state litigation is finally resolved promotes these important values by permitting the state to decide the issue in the first instance. Finally, as discussed above, it is unclear whether the Court can grant an effective remedy in light of the mootness of McGhee's individual claim. Under these circumstances, it is inappropriate for the Court to exercise its jurisdiction over this case. *See Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1020 (D.C.Cir.1991). Accordingly, dismissal is an appropriate discretionary measure.

Based upon the foregoing analysis, the Court will dismiss this case on grounds of mootness.