**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2299**

———————

JOHN WALSH; REBECCA WALSH, Wife,

                                    Plaintiffs - Appellants,

        versus

RESTORATION HARDWARE, INCORPORATED; SYRATECH
CORPORATION; SILVESTRI, INCORPORATED,

                                    Defendants - Appellees.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CA-01-527)

———————

Argued:  September 28, 2004        Decided:  February 11, 2005

———————

Before WIDENER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.  Judge Widener wrote a
dissenting opinion.

———————

**ARGUED:** Fred William DeVore, III, DEVORE, ACTON & STAFFORD,
Charlotte, North Carolina, for Appellants.   Elizabeth Ann
Martineau, HEDRICK, EATMAN, GARDNER & KINCHELOE, Charlotte, North
Carolina, for Appellee Restoration Hardware, Incorporated; Kimberly
Ann Gossage, MORRIS, YORK, WILLIAMS, SURLES & BARRINGER, L.L.P.,
Charlotte, North Carolina, for Appellees Syratech Corporation and
Silvestri, Incorporated.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plaintiffs-appellants John and Rebecca Walsh filed suit against defendant-appellee, Restoration Hardware, Inc.,[1] alleging, *inter alia,* negligence, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose concerning Christmas tree lights that the Walshes purchased from Restoration Hardware.[2] The district court granted summary judgment to Restoration Hardware, and the Walshes timely appeal. For the reasons given herein, we affirm.

I.

On or about January 2000, the Walshes purchased several strands of large bulb "old time" Christmas lights from Restoration Hardware and stored them in their attic for use on their tree during the 2000 Christmas season. The attic in which the lights were stored became extremely hot and extremely cold throughout the year depending on the external temperature. These lights were combined with lights purchased in December 2000 and used on the Walshes' Christmas tree in December 2000.

---

[1]Several defendants were named in the suit and all were dismissed on summary judgment. The Walshes only appeal the dismissal of Restoration Hardware.

[2]The Walshes also alleged breach of express warranty but do not appeal the dismissal of that claim.

After purchasing these lights, the Walshes tested them by plugging them into the wall. When the lights appeared normal, the Walshes then strung the lights on their tree. On December 20, 2000, Rebecca Walsh arrived home with her daughter and turned on the lights. Mrs. Walsh heard a "pop" and, upon turning, saw a flame at the base of the Christmas tree.[3] The flame quickly spread, and Mrs. Walsh and her daughter fled the house, which was destroyed by the fire.

In August, 2001, the Walshes filed suit against Restoration Hardware. Restoration Hardware answered and moved for summary judgment. The district court granted Restoration Hardware's motion. The Walshes timely appeal.

## II.

We review the district court's decision under the familiar summary judgment standard: viewing the record in the light most favorable to the Walshes and reviewing all issues of law *de novo*, we uphold the district court grant of summary judgment only if Restoration Hardware is entitled to judgment as a matter of law. See St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co., 365 F.3d 263, 267 (4th Cir. 2004). Additionally, as a federal court sitting in diversity, we apply the substantive law of

---

[3]Mr. Walsh testified at deposition that his daughter saw one of the Christmas lights explode, though there is no testimony from the daughter in the record.

North Carolina, the state in which the action arose, <u>Castillo v.</u>
<u>Emergency Med. Assocs., P.A.</u>, 372 F.3d 643, 646 (4th Cir. 2004)
(citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78, 82 L. Ed. 1188,
58 S. Ct. 817 (1938)).

III.

The district court held that the North Carolina "sealed
container" defense protects Restoration Hardware from liability in
this case.  <u>See</u> N.C. Gen. Stat. § 99B-2 (2004).  We need not reach
that issue because we hold that the Walshes did not present evidence
to establish a prima facie case of negligence or breach of implied
warranty under North Carolina law.[4]  Therefore, we affirm the
district court, albeit on different grounds.

_____

[4]The dissent contends that we lack jurisdiction to reach this
issue because the summary judgment order does not address it.
While the dissent correctly notes that we generally do not review
denials of summary judgment, that is not what happened here.  The
district court *did not* deny summary judgment in this case; rather,
it *granted* it.  Once the matter is properly before us on appeal, we
may uphold this grant on any grounds before the district court.
<u>See</u> <u>Keller v. Prince George's County</u>, 923 F.2d 30, 32 (4th Cir.
1991)("[T]he prevailing party [in a summary judgement motion] may,
of course, assert in a reviewing court any ground in support of his
judgment, whether or not that ground was relied upon or even
considered by the trial court.") (internal quotation omitted); <u>see</u>
<u>also</u> <u>Egbuna v. Time-Life Libraries, Inc</u>., 153 F3d 184, 186 (4th
Cir. 1998) ("We may affirm the grant of summary judgment on grounds
other than those relied upon by the district court.").  <u>Cedar Coal</u>
<u>Co. v. United Mine Wkrs. of America</u>, 560 F.2d 1153 (4th Cir. 1977),
on which the dissent relies, involved the failure to rule on a
motion for a preliminary injunction being construed as a denial,
and, as such, is simply inapposite.

Plaintiffs bringing product liability claims under a negligence theory, a theory of breach of an implied warranty of merchantability, or a theory of breach of an implied warranty of fitness for a particular purpose must present some evidence that, *inter alia*, the product was in a defective condition *at the time defendant sold it to plaintiff.* <u>Nicholson v. American Safety Utility Corp.</u>, 476 S.E.2d 672, 676, 678 (N.C. Ct. App. 1996); <u>Bailey v. Le Beau</u>, 339 S.E.2d 460, 463 (N.C. Ct. App. 1986). If, as is the case here, the plaintiffs do not present any direct evidence of the product's defectiveness at the time of sale, they can still raise an issue of material fact sufficient to survive summary judgment through circumstantial evidence. <u>DeWitt v. Eveready Battery Co.</u>, 565 S.E.2d 140, 151 (N.C. 2002). In deciding whether this circumstantial evidence is sufficient to create a dispute concerning material facts, North Carolina courts examine six factors:

> (1) the malfunction of the product; (2) expert testimony as to a possible cause or causes; (3) how soon the malfunction occurred after the plaintiff first obtained the product and other relevant history of the product, such as its age and prior usage by plaintiff and others, including evidence of misuse, abuse, or similar relevant treatment before it reached the defendant; (4) similar incidents, when accompanied by proof of substantially similar circumstances and reasonable proximity in time; (5) elimination of other possible causes of the accident; and (6) proof tending to establish that such an accident would not occur absent a manufacturing defect.

<u>Id.</u> (internal citations and quotations omitted).

In applying these factors to the Walshes' claim, we note that "in most cases, the weighing of these factors should be left to the finder of fact." Id. We also note, however, that, in addition to using these factors to assist the fact finder, "the trial judge is to consider these factors initially and determine whether, as a matter of law, they are sufficient to support a finding of a breach of warranty." Id. Considering these factors on the record before us, we hold that, as a matter of law, the circumstantial evidence presented by the Walshes does not support a finding of negligence or breach of the implied warranties.

Considering the facts before us in light of the DeWitt factors, we hold that the Walshes have not presented circumstantial evidence sufficient to support a finding of breach of warranty. Although the record reflects that there was a popping sound in the room when the Christmas lights were plugged in, there is no other evidence that the lights themselves actually malfunctioned.[5] There was no expert testimony as to the cause of the fire.[6] The lights were purchased almost a year before they were used. The Walshes acknowledge that

---

[5]The Walshes' daughter allegedly saw one of the lights explode. However, she has not made sworn testimony on the record to this effect, and the Walshes have not explained why her statement is not inadmissible hearsay.

[6]Restoration Hardware was apparently unable to produce an exemplar of the lights for the Walshes to test, which is troubling. The Walshes, however, have not pursued this issue on appeal or presented expert testimony as to how this affected their case.

they were stored in an attic subject to extreme temperatures for a period of months.  There is no evidence of similar incidents with these or similar Christmas lights.  There was no evidence that eliminated other causes of the fire, and no evidence that such a fire would occur absent a manufacturing defect.  Application of the DeWitt criteria thus compels our conclusion that the Walshes' evidence of causation is fatally deficient.

IV.

Having carefully considered the arguments of the parties and the record before us, we hold that the Walshes have not presented circumstantial evidence sufficient to demonstrate that the lights were defective at the time that they were sold.  The judgment of the district court is therefore

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

The majority's disposition of this matter is contrary to the rule that a denial of a motion for summary judgment is not an appealable order. See Hensley v. Horne, 297 F.3d 344, 347 (4th Cir. 2002).

Restoration Hardware's brief accompanying its motion for summary judgment argued that plaintiffs failed to produce any direct or circumstantial evidence that the lights were defective at the time they left Restoration Hardware's control. Whatever the merits of that argument, the district court did not grant the motion for summary judgment on that ground, and the ground is not mentioned in its opinion. The district court held that Restoration Hardware was protected by the sealed container defense. Thus, the motion for summary judgment based upon plaintiffs' failing to produce sufficient evidence of defect was not acted upon and is therefore considered to be denied. See Cedar Coal Co. v. United Mine Wkrs. of America, 560 F.2d 1153, 1161 (4th Cir. 1977) ("the failure to hear the motion for the preliminary injunction cannot be taken as inadvertence; rather it may only be construed as a conscious denial of a hearing on the motion").

Even if the majority, in its footnote 4, is correct in declining to apply Cedar Coal as a denial of the motion for summary judgment on the ground upon which it presently relies, its reliance

on <u>Keller</u> and <u>Egbuna</u> also should be of no avail.  Both <u>Keller</u> and <u>Egbuna</u> are based on <u>Securities and Exchange Commission v. Chenery Corp.</u>, 318 U.S. 80 (1943).  The majority, however, does not mention the critical parts of <u>Chenery</u>.

The appellate decision must be

> . . . within the power of the appellate court to formulate.

318 U.S. at 88.

And

> . . . a judicial judgment cannot be made to do service for an administrative judgment [which was not made].

318 U.S. at 88.

This appellate court has no power to review the denial of a motion for summary judgment.  Certainly it should have no power to review the mere failure to act on a motion for summary judgment.

If the appellate court in <u>Chenery</u> was not authorized to make the decision the Agency was authorized to make and had not made, then it should follow that this appellate court should not be authorized to make a decision which the district court was authorized to make but simply had not made.

In my opinion, the judgment of the district in this case court should be vacated and the case remanded for further consideration.