CLD-302                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2136
_____

DR. HIL RIZVI, M.D.,
                              Appellant

v.

DEPARTMENT OF SOCIAL SERVICES, STATE OF MARYLAND;
DEPARTMENT OF CHILDREN AND FAMILIES, STATE OF
MASSACHUSETTS; KINDES UND ERWACHSENENSCHUTSBEHORDE
ST. GALLEN, SWITZERLAND, ("KESB");
BUNDESAMT FUR JUSTIZ, SWITZERLAND, (BfD)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-19-cv-00079)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2020
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 25, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dr. Hil Rizvi appeals from the order of the District Court dismissing his complaint for lack of subject-matter jurisdiction. We will affirm.

## I.

Rizvi is the father of two minor daughters who reside in Switzerland, where their mother (who is Rizvi's estranged wife) also lives. Most of Rizvi's allegations concern his daughter A.R., who previously received treatment for an eating disorder in the United States and whom he alleges is now committed to a psychiatric facility in Switzerland for the same purpose. According to Rizvi, he previously lived with his family in Maryland before both daughters flew to Switzerland with their mother. A.R. later returned to live with Rizvi and received treatment in Massachusetts before again leaving for Switzerland pursuant to a 2016 order of a Massachusetts juvenile court awarding her mother emergency temporary custody.

Rizvi initially filed his complaint in this matter in 2019. Following fee-related proceedings in the District Court and on appeal,[1] Rizvi paid the filing fee and filed the amended complaint at issue here. Rizvi's amended complaint was substantively identical to his initial complaint. As before, Rizvi alleged that entities in Maryland,

---

[1] A Magistrate Judge denied Rizvi's request for leave to proceed in forma pauperis, and the District Court later dismissed his complaint because he did not pay the filing fee. Rizvi appealed, and we affirmed that ruling. See Rizvi v. Md. Dep't of Soc. Servs., 791 F. App'x 288 (3d Cir. 2019). Although we did not reach the merits of Rizvi's claims in that appeal, we noted that the Magistrate Judge made an alternative recommendation of dismissal for numerous reasons and that "Rizvi should bear those reasons in mind in deciding whether to file another complaint." Id. at 290 n.3.

Massachusetts, and Switzerland interfered with his parental rights. In particular, he alleged that the Massachusetts Department of Children and Families and an entity he identified as the "Maryland Department of Social Services"[2] colluded to interfere with his parental rights by raising allegations of child abuse merely because he disagreed with their recommendations regarding A.R.'s medical treatment.

Rizvi further alleged that these entities colluded with the two Swiss governmental entities identified in the caption and that the Swiss entities have interfered with his parental rights as well. In that regard, he claimed that his daughters are being "held hostage" in Switzerland and that A.R. continues to receive medical treatment there with which he disagrees. For relief, he requested the removal of his daughters to a "neutral location" in preparation for their return to his custody in the United States and that the court "reserve judgment on the issue of damages." He also filed a motion for a preliminary injunction seeking his daughters' immediate return.

A Magistrate Judge recommended dismissing Rizvi's amended complaint for lack of subject-matter jurisdiction. The Magistrate Judge concluded, inter alia, that (1) the court lacked jurisdiction over the Swiss entities under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611, and (2) the domestic entities are entitled to

---

[2] Maryland has established local departments of social services at the county level under the umbrella of the Maryland Department of Human Services, formerly called the Department of Human Resources. See Md. Code Ann., Hum. Servs. §§ 3-101 & 3-201(a). Rizvi's allegations and the documents attached to his complaint make it clear that he was referring to the Allegany County Department of Social Services.

3

sovereign immunity under the Eleventh Amendment. The Magistrate Judge also explained that Rizvi's amended complaint could not be treated as a petition under the Hague Convention on the Civil Aspects of International Child Abduction and its implementing statute, the International Child Abduction and Remedies Act, 22 U.S.C. §§ 9001-9011. Over Rizvi's objections, the District Court adopted the Magistrate Judge's recommendation and dismissed his amended complaint. Rizvi appeals.[3]

## II.

We will affirm substantially for the reasons explained by the Magistrate Judge. In his filings on appeal, Rizvi does not directly challenge the Magistrate Judge's conclusion that the District Court lacked jurisdiction over his claims against the Swiss entities under the FSIA.[4] Nor does Rizvi challenge the Magistrate Judge's conclusion that the Maryland and Massachusetts entities are immune from this suit.[5] Rizvi also does not fault

---

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Susinno v. Work Out World Inc., 862 F.3d 346, 348 (3d Cir. 2017).

[4] District Courts have jurisdiction over foreign states under 28 U.S.C. § 1330 only to the extent permitted by the FSIA, which represents "the sole basis for obtaining jurisdiction over a foreign sovereign in the United States." Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 611 (1992) (quotation marks omitted); see also 28 U.S.C. § 1603(a) (defining "foreign state" for this purpose to include "an agency or instrumentality of a foreign state"). Rizvi does not dispute that the Swiss entities identified in the caption are agencies or instrumentalities of the Swiss government and, as the Magistrate Judge explained, none of the exceptions to foreign sovereign immunity applies in this case.

[5] "[T]he Eleventh Amendment . . . render[s] states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). In applying this principle, the Magistrate Judge did not

4

the Magistrate Judge for raising these issues sua sponte, as the Magistrate Judge was permitted to do. See Walters v. Indus. & Com. Bank of China, Ltd., 651 F.3d 280, 287 (2d Cir. 2011) (FSIA); Bowers v. NCAA, 346 F.3d 402, 417 (3d Cir. 2003) (sovereign immunity); cf. Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 197 n.6 (3d Cir. 2008) (noting that courts are not required to raise sovereign immunity sua sponte).

Instead, Rizvi raises two other arguments that we will briefly address. First, Rizvi argues that the District Court had jurisdiction to hear his claims and order the return of his daughters under the Hague Convention. As the Magistrate Judge explained, however,

---

identify the precise Maryland entity at issue which, as noted above, is the Allegany County Department of Social Services. Nevertheless, the Magistrate Judge's analysis applies equally to that entity. It appears that every court to have addressed the issue has concluded that local Maryland departments of social services are entitled to sovereign immunity as agencies of the state. See, e.g., Keller v. Prince George's Cnty., 923 F.2d 30, 32 (4th Cir. 1991) (addressing the Prince George's County Department of Social Services); Beauchamp v. Maryland, No. TDC-14-2667, 2015 WL 4389789, at *5 (D. Md. July 13, 2015) (collecting Maryland authority for the proposition that local departments of social services are state agencies as units of the former Department of Human Resources), appeal dismissed, 668 F. App'x 530 (4th Cir. 2016). The same is true of the Massachusetts Division of Children and Families, formerly called the Massachusetts Department of Social Services. See, e.g., Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (addressing Department of Social Services); O'Neill v. Baker, 210 F.3d 41, 47 & n.5 (1st Cir. 2000) (same); Amadi v. McManus, No. 16-11901-NMG, 2018 WL 5555062, at *5 (D. Mass. Oct. 26, 2018) (addressing Department of Children and Families), appeal dismissed, No. 19-1105, 2019 WL 3543666 (1st Cir. Apr. 1, 2019). Rizvi does not directly challenge these conclusions, and we see no apparent basis to question them in this appeal. Sovereign immunity from suit does not extend to certain claims for prospective equitable relief against individual state officers. See Pa. Fed'n of Sportsmen's Clubs, 297 F.3d at 323. Rizvi, however, has not named any such officer as a defendant. Moreover, the only prospective relief his amended complaint can be read to seek—i.e., the return of his daughters to the United States—would be beyond the power of any such officer to effectuate.

5

Rizvi's amended complaint cannot be construed as a petition under the Hague Convention (which Rizvi appears to have pursued in the past).[6] Among other things, such petitions must be filed with a court having jurisdiction where the child in question is located. See Monzon, 910 F.3d at 99. Rizvi seeks the return of his daughters from Switzerland, so any petition under the Hague Convention would have to be addressed to a court of competent jurisdiction in that country.

Second, Rizvi attributes the dismissal of his amended complaint to his status as a pro se litigant, and he argues that the District Court should have given him "proper guidance" on how to further amend. The defects summarized above, however, cannot be cured by amendment. Moreover, Rizvi was on notice of some of these defects when he filed his amended complaint, and none of his filings below or an appeal suggests that principles of liberal construction or leave to further amend would allow him to assert any actionable claim.

## III.

For these reasons, we will affirm the judgment of the District Court. Rizvi's motion to expedite this appeal is denied to the extent that this Court has now rendered its

---

[6] Rizvi alleges that, in August 2015, he previously "file[d] a Hague Petition for Abduction" with the United States Department of State (ECF No. 17 at 8 ¶ 39), and he attached a copy of the petition to his amended complaint. Rizvi asserts that "[n]o action was taken on the Hague Petition" (id.), but submission of a petition to the Department of State does not commence a Hague Convention proceeding. See Monzon v. De La Roca, 910 F.3d 92, 98-99 (3d Cir. 2018). Rizvi also separately alleges that he obtained A.R.'s temporary return to the United States in May 2016 "after he was forced to hire an attorney in Switzerland to sue to have his daughter released[.]" (ECF No. 17 at 7 ¶ 38.)

decision.  To the extent that Rizvi's motion to expedite or his other filings can be construed to request any other form of relief, those requests are denied as well.